[L. A. No. 8524. In Bank.—April 4, 1927.]

## OLIVER H. ROOT et al., Respondents, v. E. F. DAUGHERTY, Appellant.

[1] NEW TRIAL — PREMATURE PROCEEDINGS — INVALIDITY OF.—Proceedings for a new trial taken prematurely are a nullity and ineffectual for any purpose.

[2] ID.—NOTICE PRIOR TO FINDINGS—VALIDITY OF.—In view of the amendment of 1923 to section 659 of the Code of Civil Procedure (Stats. 1923, p. 751), proceedings on motion for a new trial instituted by the filing of a notice of intention prior to the signing and filing of the findings of fact and conclusions of law are premature and ineffective where findings are required.

---

(1) 29 Cyc., p. 939, n. 59.   (2) 29 Cyc., p. 939, n. 59.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

John B. Yakey for Appellant.

W. C. Jensen for Respondents.

THE COURT.—This is an appeal by the defendant from a judgment entered by the superior court of the county of Los Angeles in an action for damages for breach of contract. It appears that the plaintiffs had agreed to sell and the defendant had agreed to purchase a leasehold interest in a bungalow, together with certain household furnishings, for the sum of $8,000. The contemplated sale was not consummated and the plaintiffs instituted this action to recover the sum of $4,675 as damages, alleging in their complaint that the defendant had wrongfully breached said agreement. By way of answer the defendant alleged the inability of the plaintiffs to perform their part of the agreement. After trial the plaintiffs were awarded $1,500 and

---

1. See 20 Cal. Jur. 172; 20 R. C. L. 303.
2. See 20 Cal. Jur. 172.

costs. This appeal was thereupon prosecuted by the defendant. As grounds for the reversal of said judgment he urges that the complaint fails to state a cause of action; that the findings of fact and conclusions of law are contrary to law and to the evidence, and that the plaintiffs failed to prove damage. Said appeal was thereafter placed upon a special calendar of this court upon an order to the respondents to show cause why the judgment herein should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of said cause upon said calendar, and the entry of said order, it appeared that the appellant's brief had been filed herein but that no brief on behalf of the respondents had been filed, although the time for the filing of such brief under the rules of this court had long since expired. Upon the calling of said calendar counsel for the respondents appeared and requested that this court of its own motion dismiss the appeal on the ground that the notice of intention to move for a new trial was filed more than sixty days after the entry of judgment.

In view of the conclusion we have reached we do not find it necessary to pass upon the contentions urged by the appellant for a reversal of the judgment. And, in passing, it may be said that the suggestion of respondents' counsel looking to a dismissal of the appeal is without merit, for the record herein discloses that the notice of intention to move for a new trial was filed ten days prior to the entry of judgment, and not, as stated by respondents' counsel, more than sixty days thereafter. We are of the opinion, however, that said notice of intention to move for a new trial was prematurely filed and therefore ineffectual for any purpose. Chronologically the history of this litigation reveals that the notice of intention to move for a new trial was filed on June 13, 1924. Thereafter, and on June 20, 1924, the findings of fact and conclusions of law were signed and filed. On June 23, 1924, the judgment was duly entered. Subsequently, and on October 23, 1924, the motion for a new trial was denied. The notice of appeal from the judgment was filed on November 21, 1924. It is apparent from the foregoing that the filing of the notice of intention to move for a new trial preceded by seven days the signing and filing of the findings of fact and conclusions of law.

[1] This court upon numerous occasions has held that proceedings for a new trial taken prematurely are a nullity and ineffectual for any purpose. (*Yamato* v. *Bank of Southern California*, 170 Cal. 351, 356 [149 Pac. 826]; *Fountain Water Co.* v. *Dougherty*, 134 Cal. 376, 377 [66 Pac. 316]; *Reclamation Dist.* v. *Thisby*, 131 Cal. 572, 574 [63 Pac. 918]; *Dominguez* v. *Mascotti*, 74 Cal. 269, 271 [15 Pac. 773]; *Spottiswood* v. *Weir*, 66 Cal. 525, 529 [6 Pac. 381].) Section 659 of the Code of Civil Procedure as amended in 1923 (Stats. 1923, p. 751) provides in part: "The party intending to move for a new trial must, *either before the entry of judgment,* or within ten days after receiving notice of the entry of the judgment, . . . file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial . . . " (Italics ours.) [2] In view of this amendment to said code section we are called upon to determine herein whether proceedings on motion for new trial are prematurely taken when the notice of intention to move for such relief is filed not only "before the entry of judgment" but prior to the signing and filing of the findings of fact and conclusions of law. Our research has failed to disclose any decision of this court upon this question in the light of the 1923 amendment to section 659 of the Code of Civil Procedure. In *Hughes* v. *De Mund,* 70 Cal. App. 265, 267 [233 Pac. 93], it is declared, however, that section 659 of the Code of Civil Procedure and those sections preceding and following it having to do with new trials "presuppose that the action has been prosecuted to a point where ultimate findings have been made as the basis for a final judgment." With this reasoning we are in accord. Section 656 of the Code of Civil Procedure defines a new trial as a "re-examination of an issue of fact in the same court after a trial and *decision* by a jury, court, or referee." It has repeatedly been held that where findings of fact are required and are not waived the decision is not rendered until said findings are signed and filed. (*Aspegren & Co.* v. *Sherwood, Swan & Co.*, 199 Cal. 532 [250 Pac. 400], and authorities therein cited.) Section 657 of the same code provides that "the party aggrieved" may apply for a new trial. The opinion in the early case of *Dominguez* v. *Mascotti, supra,* declares that "Until the findings are signed and filed there is no decision, and nobody

is 'aggrieved,' within the meaning of section 657 of the Code of Civil Procedure." We are of the opinion, therefore, that proceedings on motion for a new trial instituted by the filing of a notice of intention prior to the signing and filing of the findings of fact and conclusions of law are premature and ineffectual for any purpose.

It is stated in *Barbee* v. *Young*, 79 Cal. App. 119 [249 Pac. 15], that "Section 659 of the Code of Civil Procedure deals simply with the right of a defeated party where the court has announced its conclusions or filed its findings of fact and conclusions of law to immediately give notice of motion for a new trial . . . " The foregoing statement was unnecessary to a decision of that case, and in so far as said statement lends support to a conclusion differing from that herein announced the same is disapproved.

The proceedings on motion for new trial herein having been prematurely instituted were ineffectual and a nullity and no other proceedings for new trial having been subsequently and seasonably commenced so as to extend the period of time within which the appeal from the judgment might be prosecuted, we are constrained, for want of jurisdiction of the cause, to dismiss said appeal for the reason that it was taken more than sixty days after the entry of said judgment.

The appeal is, therefore, dismissed.