[L. A. No. 10967. In Bank.—April 24, 1929.]

In the Matter of the Estate of JAMES L. BARKER, etc., Deceased. HENRY L. BARKER, Respondent, v. ROBERT WHITAKER et al., Appellants.

John Beardsley for Appellants.

Heaney, Price & Postel for Respondent.

LANGDON, J.—This is a motion to dismiss an appeal upon the ground that it has been filed too late. The only question involved is whether or not a valid motion for a new trial was ever filed. If the purported motion for new trial was properly filed, thus extending the time for appeal, the appeal has been taken in time. This leads to another inquiry as to when the actual decision of the trial court was filed.

The facts are undisputed. On March 14, 1928, a decision of the trial court was filed, reciting, informally, the con-

clusion to which the court had come on the facts and ending with the statement that "the petitioner is entitled to a decree of partial distribution herein." A minute order was entered, directing that "an order be prepared accordingly." Notice of motion for new trial was served and filed March 30, 1928, and called for hearing on July 13, 1928. In the interim and on April 17, 1928, more extensive findings of fact and the conclusion of law that petitioner is entitled to a decree of partial distribution as prayed for were filed. When the motion for new trial came on for hearing it was objected by the defendants and respondents here that it was improperly before the court and should be dismissed, as it had been filed before the decision of April 17, 1928. This objection was overruled, apparently, and the motion for new trial was passed upon and denied.

Respondents now seek to have this court dismiss the appeal upon this same contention. The case of *Root* v. *Daugherty,* 201 Cal. 12 [255 Pac. 181], seems to be directly in point; therein it was said: "We are of the opinion, however, that said notice of intention to move for a new trial was prematurely filed and therefore ineffectual for any purpose. Chronologically the history of this litigation reveals that the notice of intention to move for a new trial was filed on June 13, 1924. Thereafter, and on June 20, 1924, the findings of fact and conclusions of law were signed and filed. On June 23, 1924, the judgment was duly entered. Subsequently, and on October 23, 1924, the motion for a new trial was denied. The notice of appeal from the judgment was filed on November 21, 1924. It is apparent from the foregoing that the filing of the notice of intention to move for a new trial preceded by seven days the signing and filing of the findings of fact and conclusions of law . . . we are called upon to determine herein whether proceedings on motion for new trial are prematurely taken when the notice of intention to move for such relief is filed not only 'before the entry of judgment' but prior to the signing and filing of the findings of fact and conclusions of law. Our research has failed to disclose any decision of this court upon this question in the light of the 1923 amendment to section 659 of the Code of Civil Procedure. In *Hughes* v. *DeMund,* 70 Cal. App. 265, 267 [233 Pac. 93], it is declared, however, that section 659 of the Code of Civil Procedure and

those sections preceding and following it having to do with new trials 'presuppose that the action has been prosecuted to a point where ultimate findings have been made as the basis for a final judgment.' With this reasoning we are in accord. Section 656 of the Code of Civil Procedure defines a new trial as a 're-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee.' It has repeatedly been held that where findings of fact are required and are not waived the decision is not rendered until said findings are signed and filed. (*Aspegren & Co.* v. *Sherwood, Swan & Co.*, 199 Cal. 532 [250 Pac. 400], and authorities therein cited.) Section 657 of the same code provides that 'the party aggrieved' may apply for a new trial. The opinion in the early case of *Dominguez* v. *Mascotti, supra,* declares that 'Until the findings are signed and filed there is no decision, and nobody is "aggrieved" within the meaning of section 657 of the Code of Civil Procedure.' We are of the opinion, therefore, that proceedings on motion for a new trial instituted by the filing of a notice of intention prior to the signing and filing of the findings of fact and conclusions of law are premature and ineffectual for any purpose."

In accordance with the rule of the foregoing case the proceedings on motion for a new trial were premature in the instant case and they were ineffectual to extend the time for appeal.

The motion to dismiss the appeal is granted and said appeal is hereby dismissed.

Shenk, J., Seawell, J., Richards, J., Preston, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.

All the Justices present concurred.