[Civ. No. 7128.   Second Appellate District, Division Two.—April 1, 1931.]

ALTA I. PETERS, Appellant, v. A. A. ANDERSON et al., Respondents.

Doyle, Clark, Thomas & Johnson for Appellant.

Hill, Morgan & Bledsoe, Fall and Fall and Frank M. Smith for Respondents.

THOMPSON (IRA F.), J.—The appellant brought this action under section 29b of the Workmen's Compensation, Insurance and Safety Act (Deering's Gen. Laws, 1923, p. 1736) against respondents as stockholders of the California Building & Loan Association to recover damages which appellant claims she sustained by reason of the death of her husband on June 2, 1926. After trial, and on September 13, 1929, the jury returned verdicts in favor of appellant and against respondents for their proportionate share of $21,500. On the following day the respondents moved for judgment notwithstanding the verdict and at the time this motion was argued counsel for appellant stipulated that the respondents might make a motion for a new trial, on all the grounds set forth in the code, without the filing of a notice of intention so to move. Thereupon the motion for judgment notwithstanding the verdicts was denied by the court and the motion for new trial was granted. At the time this motion was granted, to wit: September 14, 1929, no written notice of intention to move for a new trial had been filed and no filing fee therefor had been paid or tendered to the county clerk. On September 20, 1929, appellant served notice of entry of judgment on respondents' attorneys and on September 25th the latter served and filed a written notice of intention to move for a new trial and paid the necessary fee therefor. On October 3d, appellant filed notice of appeal from the order of September 14th. On October 14th, respondents made their second motion for a new trial, to which counsel for appellant objected on the ground that the court had lost jurisdiction by making the order previously, but the new trial was nevertheless

granted. On October 17th, appellant filed notice of appeal from this second order granting a new trial. The two appeals were consolidated by stipulation of counsel.

Appellant contends that the court had no jurisdiction to hear and grant the first order for a new trial on September 14, 1929, because no written notice of intention to move for a new trial had been served or filed; and secondly, that the court was without jurisdiction to hear and grant the second motion for a new trial on October 14, 1929, for the reason that the court had previously heard and granted a similar motion which had not been vacated or set aside; and lastly, that the superior court lost jurisdiction to further consider the motion for new trial after October 3, 1929, when appellant perfected her appeal from the first order granting a new trial.

The authorities uphold appellant's first contention that the first order granting a new trial was void for lack of jurisdiction because no written notice of intention to move for a new trial had been served and filed. (See sec. 659, Code Civ. Proc.; 20 Cal. Jur., pp. 161 and 178; *Diamond* v. *Superior Court*, 189 Cal. 732 [210 Pac. 36]; *Prothero* v. *Superior Court*, 196 Cal. 444 [238 Pac. 357]; *Ransome-Crummey Co.* v. *Superior Court*, 188 Cal. 393 [205 Pac. 446]; *Whiting-Mead Com. Co.* v. *Bayside Land Co.*, 178 Cal. 93 172 Pac. 598].) Nor could the plaintiff, the appellant here, waive the necessity of the notice. (*Ransome-Crummey Co.* v. *Superior Court, supra.*)

Appellant's second contention, that the second order granting a new trial was invalid because the first order therefor had not been set aside, is without merit for the reason that the first order was absolutely void and of no force or effect. It is said in Corpus Juris, volume 42, page 558: "An order made by a court or judge wholly without jurisdiction is void and of no force or effect. . . . *A void order . . . remains without effect as completely as if never entered.*" (Italics ours.) The cases relied upon by appellant to sustain the second point involve situations where the first motion for a new trial had been properly made and not where the first order was a nullity. Under these circumstances the second motion for a new trial, based upon the written notice of intention, must be deemed to have been an original motion.

█ With regard to the last contention of appellant, to wit: That after she perfected her appeal from the order granting the first motion for a new trial the court had no jurisdiction to hear or grant respondents' second motion for a new trial, it must be noted that respondents had served and filed their written notice of intention to move for a new trial *before appellant filed her notice of appeal from the first order granting the new trial.* The proceedings on the first order having been a nullity and respondents having served and filed their notice of intention within ten days after notice of entry of judgment and before appellant filed her first notice of appeal, it is evident that the court retained jurisdiction to hear and grant respondents' second motion for a new trial. In the case of *Yamato* v. *Bank of Southern California,* 170 Cal. 351 [149 Pac. 826], it is said:

"Appellant's first notice of intention filed prior to the entry of the judgment was premature and a nullity. Its second notice of intention, served and filed upon August 23 was within ten days after the entry of the judgment, and therefore from any point of view, whether or not appellant had notice of the entry, was within time. . . . And though formal notice of the entry of the judgment may be waived by the moving party by instituting his proceedings in support of the motion, without such notice, as was here done under the second notice of intention, it will not be held that the mere fact that a premature notice was inadvertently given *is a waiver such as will compel the appellant to stand upon the premature notice and forbid him giving a later and proper one.*" (Italics ours.)

In the case of *Durbrow* v. *Chesley,* 23 Cal. App. 627 [138 Pac. 917], the effect of an appeal is stated to be that: "The latter tribunal loses jurisdiction to make any order, or to carry out any proceedings in such action which would have the effect of vitiating the appeal or preventing the review of all alleged errors brought up by a duly prepared and authenticated record."

█ This appeal involved merely the jurisdiction of the court to entertain the oral motion and make an order based thereon. It did not in any way involve the merits of the controversy, or the question of whether the evidence was

sufficient to sustain the verdicts, or whether a new trial might properly be granted. The second order granting respondents' motion for a new trial did not change, modify or in any way affect the order appealed from. Appellant was still entitled to have it adjudged and decreed, if it might properly be so, that the court did not have jurisdiction to enter the first order, but it cannot be held that an appeal from an order void for lack of jurisdiction has the effect of depriving the lower court of power to enter a valid order involving the same question.

The order of September 14, 1929, purporting to grant a new trial. is annulled. The order of October 14, 1929, is affirmed.

Craig, Acting P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1931.

Langdon, J., and Tyler, J., *pro tem.*, dissented.