[Civ. No. 10328. First Appellate District, Division Two.—September 21, 1937.]

LESTER CLOUD, Appellant, v. THE STATE TERMINAL COMPANY, LTD. (a Corporation), Respondent.

William A. Lahanier for Appellant.

Young, Hudson & Rabinowitz for Respondent.

SPENCE, Acting P. J.—This is an appeal by plaintiff from the order of the trial court granting defendant's motion for a new trial.

The complaint in the action contained four counts for services rendered by plaintiff. This first was based upon an account stated; the second upon a book account; the third upon the reasonable value; and the fourth upon a written contract. The prayer of the complaint was for the sum of $5,203.19 "and for such other sum as the court after an accounting had shall determine is due and owing to plaintiff". In the answer, defendant pleaded among other things the abandonment of the written contract referred to in the fourth count of the complaint. A jury trial was demanded by plaintiff. When the cause came on for trial, it was agreed by the parties that the only issue that would be submitted to the jury was the issue of abandonment of the written contract and if the jury found that there had been no abandonment, then an accounting would thereafter be required to determine the amount due. Said issue was submitted to the jury which rendered a verdict to the effect that the contract had not been abandoned. No judgment of any kind was thereafter entered either upon said verdict or otherwise. Defendant filed its notice of intention to move for a new trial and plaintiff filed a notice of motion for entry of an interlocutory decree. When said motions were heard, the trial court made its order granting the motion for a new trial and denying the motion for entry of an interlocutory decree. This appeal is taken solely from the order granting the new trial.

■ Appellant contends that the proceedings for a new trial were taken prematurely and that the trial court was without jurisdiction to entertain the motion for new trial prior to determination of all of the issues and the entry of judgment. In our opinion this contention must be sustained. Respondent has cited no authority which supports the action of the trial court here and we know of none. On the contrary the authorities clearly indicate that all of the issues must be determined and judgment must be entered before the trial court may entertain such motion. (*Middleton* v. *Finney,* 214 Cal. 523 [6 Pac. (2d) 938]; *Gunder* v. *Gunder,* 208 Cal. 559 [282 Pac. 794]; *Root* v. *Daugherty,* 201 Cal. 12 [255 Pac. 181]; *Barnes* v. *Foley,* 189 Cal. 226 [207 Pac. 885]; *Estate of McKenna,* 138 Cal. 439 [71 Pac. 501]; *Reclamation Dist.* v. *Thisby,* 131 Cal. 572 [63 Pac. 918]; *San Joaquin etc. Co.* v. *Stevinson,* 20 Cal. App. 405 [158 Pac. 768]; 20 Cal. Jur. 171, sec. 112.)

The order granting a new trial is reversed.

Sturtevant, J., and Gray, J., *pro tem.,* concurred.