[Civ. No. 11459.   Second Appellate District, Division One.—July 26, 1938.]

FLOSSIE J. FRYE et al., Respondents, v. PACIFIC FREIGHT LINES (a Corporation), et al., Appellants.

Chase, Barnes & Chase, Laurence A. Peters and Thomas R. Suttner for Appellants.

W. I. Gilbert and W. I. Gilbert, Jr., for Respondents.

DORAN, J.—This is an appeal by defendants from an order granting plaintiffs a new trial. The action which was for damages for personal injuries was tried by the court without a jury. The decision of the court in favor of defendants was announced from the bench at the conclusion of the trial on December 11, 1936. On December 19, 1936, findings of fact and conclusions of law prepared by defendants was served on plaintiffs. Four days thereafter plaintiffs served and filed their notice of intention to move for a new trial, although the findings of fact and conclusions of law had not been signed at that time, and in fact were not signed until December 31, 1936. The motion for a new trial was granted upon the sole ground of newly discovered evidence. Defendants participated in the argument upon the motion for a new trial, at which time it was urged by defendants that the motion should be denied but that the case should be reopened for further evidence, under section 662 of the Code of Civil Procedure. Defendants' suggestion in this regard was rejected.

Appellants contend that because no effective notice of intention to move for a new trial was ever given, that the trial court never acquired jurisdiction to pass upon the motion and that therefore the order which purported to grant a new trial was void. Inasmuch as the question is decisive of the appeal herein, it is important to note the following dates: Cause submitted for decision—December 11, 1936; Notice of intention to move for a new trial served and filed—December 23, 1936; Signing of findings of fact and judgment—December 31, 1936; Notice of entry of judgment served and filed—January 8, 1937.

It appears to be definitely settled, as the Supreme Court has repeatedly declared, " . . . that proceedings for a new trial taken prematurely are a nullity and ineffectual for any purpose". (*Root* v. *Daugherty*, 201 Cal. 12, 14 [255 Pac. 181].) And, as recently pointed out by the District Court of Appeal in a case somewhat analogous: "Appellant contends that the proceedings for a new trial were taken prematurely and that the trial court was without jurisdiction to entertain the motion for a new trial prior to determination of all of the issues and the entry of judgment. In our opinion this contention must be sustained. Respondent has cited no

authority which supports the action of the trial court here and we know of none. On the contrary the authorities clearly indicate that all of the issues must be determined and judgment must be entered before the trial court may entertain such motion. (Citing cases.)'' (*Cloud* v. *State Terminal Co., Ltd.*, 22 Cal. App. (2d) 568, 570 [71 Pac. (2d) 600].)

■ It is argued by respondents that although the notice was premature, appellants waived the defect by a failure to object. The argument is without merit. With regard to the subject herein under consideration, the Supreme Court has declared: ''In our opinion, litigants are entitled to a strict and certain interpretation of the statute governing appeals and new trials.'' (*Middleton* v. *Finney*, 214 Cal. 523, 528 [6 Pac. (2d) 938].) The doctrine applies with equal force to both the plaintiff and the defendant.

For the foregoing reasons the order appealed from is reversed.

York, P. J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 16, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 21, 1938.