[Sac. No. 5619. In Bank. Dec. 28, 1944.]

Estate of ROBERT FRANKLIN GREEN, Deceased. FRANKIE GREEN DICK, Contestant and Appellant, v. HENRY F. ELLIS et al., Proponents and Appellants.

J. Oscar Goldstein, Burton J. Goldstein and Jack J. Miller for Contestant and Appellant.

Warren H. Atherton, H. Raymond Hall, Gumpert & Mazzera, J. Calvert Snyder, Darrah & Ellis and Agler B. Ellis for Proponents and Appellants.

CURTIS, J.—Robert Franklin Green died on August 31, 1939, leaving surviving him a wife and an only child, a daughter, Frankie Green Dick. He separated from his wife immediately after their marriage and he never lived with her from that time until the day of his death. He had made a property settlement with her whereby she waived all her property rights as his wife. He also left a document which purported to be his last will and testament, in which he left his entire estate to his sister, Mrs. Mary Jane Snyder, and two nieces, Mrs. Frances M. Freeman and Mrs. Carrie C. Erich, daughters of a deceased sister—except for one dollar which he left to his daughter. Ray E. Burson was named executor and filed the purported will of decedent for probate. The daughter, Frankie Green Dick, filed a contest to the probate thereof. The grounds of contest were unsoundness of mind, undue influence, and fraud in procuring the execution of said document. The charge of fraud was abandoned and the contest of the will was tried by a jury on the two grounds of incompetency and undue influence. The jury rendered a verdict in favor of contestant, and proponents moved for judgment notwithstanding the verdict and also filed a motion for a new trial. The court denied the motion for judgment notwithstanding the verdict, but granted the motion for a new trial on the ground that the evidence was insufficient to support the verdict in favor of contestant. Contestant has appealed from the order granting the motion for a new trial, and proponents have appealed from the order denying their motion for judgment notwithstanding the verdict.

The motion for a new trial was made immediately after the rendition of the verdict by the jury and was granted before the entry of any judgment on the jury's verdict.

Contestant first contends that the order granting a new trial should be reversed for the reason that the proceedings for a new trial were prematurely taken and the court was without jurisdiction to grant a new trial.

Section 373 of the Probate Code provides in a will contest case that "The jury must return a special verdict upon the issues submitted to them by the court; and upon the verdict, . . . the court must render judgment, either admitting the will to probate or rejecting it."

Section 659 of the Code of Civil Procedure provides: "The party intending to move for a new trial must, *either before*

*the entry of judgment* or within ten (10) days after receiving written notice of the entry of the judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial. . . .'' (Italics added.)

The clerk's transcript shows that the jury rendered its verdict in this action on October 14, 1942. Immediately after the rendition of the verdict and on the same day and during the same session of court, proponents made a motion for entry of judgment in favor of all proponents notwithstanding the verdict of the jury and without waiving the right of making a motion for a new trial if said motion for judgment notwithstanding the verdict should be denied. On stipulation of the parties ''the court fixed October 24th, 1942, at 9:30 o'clock a.m. as the time for hearing motion and it is further stipulated that motion for a new trial may be made, grounds stated, and motion for a new trial argued at said time together with the motion for judgment notwithstanding verdict.'' (Minutes of the Court, October 14, 1942.) Evidently these two motions were either heard on the date fixed by the court or upon some subsequent day, and they were denied on the same date, as each of the appeals herein was taken from the order of court dated November 25, 1942.

Contestant bases her contention that the motion for a new trial was prematurely made, and that the court was without jurisdiction to grant a new trial, on the ground that prior to the granting of said motion no judgment rejecting the will was rendered as provided by section 373 of the Probate Code. Contestant further contends that no judgment could be rendered by the trial court prior to the determination of all issues involved in the proceeding for the probate of the will, including the issue of due execution, which was raised by the petition for the probate of the will, but which was not raised by contestant in her petition and was not submitted for decision to the jury.

In support of this contention contestant relies mainly on the case of *Estate of McKenna,* 138 Cal. 439 [71 P. 501]. The contest in that case was after the probate of the will. The grounds of contest were five in number: (1) Not executed by deceased; (2) not written, dated and signed by deceased (the will was holographic); (3) not the last will of deceased; (4) incompetency; and (5) undue influence.

Only the two last-mentioned grounds, incompetency and

undue influence, were submitted to the jury for decision. The jury's verdict was adverse to contestants on each of said grounds. In other words, the jury held that the testatrix was competent and that her will was not the result of undue influence. The other three grounds of contest had not yet been decided when contestants moved for a new trial, and evidently the motion for a new trial was denied before any of these three grounds was passed upon by the court. As noted above, one of these grounds was that the will was not executed by the testatrix, and another was that the will, being an holographic will, was not written, dated and signed by the testatrix. No judgment could be rendered in that case denying the contest until the court or the jury had passed upon the issues, involving these two grounds. The case was in this condition when contestants made their motion for a new trial and thereafter took their appeal from the order denying said motion. On appeal it was held that the proceedings for a new trial were prematurely taken and the motion was rightly denied. In that state of the record the court held (p. 440): "It is clear, therefore, that there has been no decision of the case, and that the proceedings for new trial were prematurely taken, and, on that ground, that the motion [for a new trial] was rightly denied. [citing authorities] The verdict of the jury did not dispose of all the issues raised by the petition of the contestants; and it was therefore the duty of the court to find upon the issues not thus disposed of."

The difference between the facts in that case and those now before us, at least in one respect, is that in the McKenna case all the issues raised by the petition of contestants were not submitted to the jury nor decided by their verdict. For that reason no legal judgment could be rendered before all such issues had been disposed of either by the jury or by the court. Therefore, no valid judgment could be entered by the court pursuant to the jury's verdict. Accordingly, the court on appeal held that "there had been no decision of the case, and the proceedings for new trial were prematurely taken, and on that ground, that the motion was rightly denied."

In the present case all issues raised by contestant, except one which had been abandoned, were submitted to the jury and decided by their verdict. As these issues were decided in favor of contestant, nothing remained to be done but to enter judgment. (Prob. Code, § 373; *San Joaquin etc. Irr. Co.* v.

*Stevinson,* 30 Cal.App. 405 [158 P. 768]; *Krug* v. *John E. Yoakum Co.,* 27 Cal.App.2d 91 [80 P.2d 492].) In the San Joaquin case it was said (p. 410): "The only issues of fact involved in the case were those submitted to and found upon by the jury. Nothing remained to be done but enter judgment. The trial was completed upon the coming in of the verdict." In the Krug case, we find this apt statement of the law (p. 96): "Likewise, the courts hold that the motion for new trial may be made and heard before the entry of judgment. [Cases cited.] The cases cited by the appellant are not controlling here for the simple reason that in every one of them there remained something more for the court to do before judgment could be entered." Furthermore, in *Johnson* v. *Phenix Ins. Co.,* 152 Cal. 196 [92 P. 182], a comparatively recent decision of this court, we find this statement of the law (p. 199): "That the motion for new trial attacks the verdict rather than the judgment, and that such motion may be made prior to the entry of judgment is no doubt true (Code Civ. Proc., sec. 659.)"

There is also a difference in the law as it existed at the time the McKenna decision was rendered and as it is now. The McKenna case was decided prior to the amendment of section 659 of the Code of Civil Procedure in 1923 (Stats. 1923, p. 751), when it was provided, as it now reads, that a notice of intention to move for a new trial might be served and filed *before the entry of judgment* as well as within ten days after receiving written notice of entry of judgment. (The italicized words were added by the amendment.) Under this section of the code, it is held that a notice of intention to move for a new trial filed before the signing and filing of findings of fact and conclusions of law is premature and ineffective for any purpose where findings are required. (*Root* v. *Daugherty,* 201 Cal. 12, 14 [255 P. 181]; *Estate of Barker,* 207 Cal. 112, 114, 276 P. 992]; *Reeve* v. *Jahn,* 9 Cal.2d 244, 250 [70 P.2d 610]; see *Cloud* v. *State Terminal Co. Ltd.,* 22 Cal.App.2d 568, 570 [71 P.2d 600]; *Frye* v. *Pacific Freight Lines,* 27 Cal. App.2d 748, 750 [81 P.2d 1027].)

The question has never been raised in any case to which our attention has been called as to the regularity and validity of a notice of intention to move for a new trial filed after the filing of findings of fact and conclusions of law, and before the entry of judgment, since the 1923 amendment of section

659 of the Code of Civil Procedure permitting such procedure. The reason that we find no such case we think is that the language of the section as amended is so clear that no one has doubted its meaning and all have conceded that such procedure is proper in cases tried by the court without a jury. In cases tried by a jury in which a trial by jury is a matter of right, the verdict simply takes the place of findings of fact and conclusions of law in cases tried by the court (*Estate of Benton,* 131 Cal. 472, 475 [63 P. 775]), and the same rule as to the time of filing of such a notice of motion should apply to cases tried by a jury as is followed in cases tried by the court. Applying this rule to the facts in this case, it is apparent that the filing of the notice of intention to move for a new trial after the verdict of the jury was not premature, but on the other hand was timely and legally effective for the purpose intended. As we have seen, the verdict of the jury in the present case disposed of all issues raised by the petition of contestant and was sufficient to support a judgment denying probate of the purported will, had it not been set aside by the court in granting proponents' motion for a new trial.

We conclude therefore, that the notice of intention was not prematurely filed, and that the trial court had jurisdiction to pass upon the motion for a new trial made in pursuance of the notice of intention filed before the entry of judgment but subsequent to the rendition of the verdict of the jury.

Before leaving this subject we think it advisable to pass upon a question raised in this case as to whether the verdict of the jury in a will contest case is only advisory to the trial court and must be adopted by the court to become effective. Section 373 of the Probate Code as quoted above provides that upon the rendition of the verdict by the jury "the court must render judgment, either admitting the will to probate or rejecting it." Section 371 of the Probate Code provides that issues of fact involved in proceedings to contest the probate of a will "must be tried by a jury, unless a jury is waived." In such cases the court is without authority to enter a judgment contrary to the verdict of the jury. (See *Southern Pacific Land Co.* v. *Dickerson,* 188 Cal. 113, 116 [204 P. 576].) In view of the express provision of section 371 of the Probate Code just quoted, it must be held that the verdict of the jury in a will contest proceeding is not merely advisory, but it is mandatory on the trial court to enter judgment pursuant to the jury's verdict. We think

the duty of the court to render a judgment in accordance with the verdict of the jury is implied in section 373 of the Probate Code, which provides that the jury must return a verdict upon the issues submitted to them by the court "and *upon the verdict* . . . the court must render judgment." (Italics added.)

 It is next contended by contestant that the court erred in granting proponents' motion for a new trial on the ground "that the evidence as a whole was insufficient as a matter of law to support a verdict for respondents." The rules of law applicable to an appeal from an order of the trial court granting a motion for a new trial on the ground of the insufficiency of the evidence are well settled and, as stated in one of our most recent decisions, are as follows: "The state of the record is such that we cannot say that the trial court erred or abused its discretion in granting the plaintiffs' motion for a new trial on the ground of insufficiency of the evidence. The rules of law applicable to an appeal from such an order are well settled. A trial court in considering a motion for new trial is not bound by the rule of conflicting evidence. [Citing cases.] When the motion is granted, as here, for insufficiency of the evidence, it is only in rare cases showing abuse of discretion that an appellate court will interfere because the trial judge must weigh all the evidence and determine the just conclusion to be drawn therefrom. [Citing cases.] It cannot be held that a trial court has abused its discretion where there is a conflict in the evidence or where there is any evidence which would support a judgment in favor of the moving party." (*Hames* v. *Rust,* 14 Cal.2d 119, 123-124 [92 P.2d 1010].)

The evidence in this case is voluminous. It consists of almost one thousand typewritten pages. The witnesses who testified at the trial were the contestant, members of her family, and members of the family of the decedent; old friends and acquaintances of the decedent; the doctor who attended him for some years prior to his death; the attorney who drew the will; and the suscribing witnesses to the will. The trial judge in passing upon the motion for a new trial evidently gave the matter before him thorough consideration. His conclusions are embodied in a memorandum opinion of over thirty typewritten pages. In this opinion he carefully and minutely analyzes the evidence on the more important issues in the

case and concludes that it is insufficient to sustain the verdict of the jury, which held the testator incompetent to make a will or that the proposed will was executed under the undue influence of any person. The opinion of the trial court under the present rules of court may properly be included in the clerk's transcript on appeal (rule 5a).

We may not agree with the determination reached by the trial judge or with any of his conclusions. That is not the question before us. It is his duty to weigh the evidence and to pass upon any and all conflicts existing therein. His decisions on those questions are final insofar as they relate to the matter then before him. If after such an examination of the evidence he concludes that it is insufficient to support the verdict, his duty is to grant the motion and a reviewing court may not set aside his conclusion unless a showing of abuse of discretion is made out by appellant. No such showing has been made by contestant. We do not consider it necessary to enter into any extended discussion of the evidence in support of this statement. As we have seen, if there is any substantial evidence in the case supporting the trial court's action, then we should not interfere with its order granting said motion. A careful study of the opinion of the trial court convinces us that the evidence in the case, as construed and weighed by it, was insufficient to support the verdict of the jury in favor of contestant. While it is true that contestant's witnesses testified to many facts and circumstances which might justify a conclusion contrary to that reached by the trial court, yet, as we have seen, it is the duty of the trial court to weigh this evidence and to resolve conflicts therein, and its determination is final and binding upon a reviewing court. The contention of contestant that the trial court erred in granting proponents' motion for a new trial cannot be sustained.

Contestant further contends that the order granting a new trial should be reversed for the reason that the order reflects a manifest abuse of discretion. This contention appears to be predicated on certain rulings of the trial court alleged to have been erroneous, which were adverse to contestant. "One of the erroneous rulings," so contestant states in her opening brief, "consisted in the establishing of arbitrary dead-ends restricting proof to a period between October 18, 1930, and December 31, 1937." The trial court also excluded evidence respecting the matter of Henry Ellis

having been charged with undue influence over decedent in the execution of a subsequent will, which in a former trial had been declared invalid because the execution had been procured through undue influence on the part of said Henry Ellis. Other instances are cited and relied upon by contestant in support of her present contention where the court, it is claimed, erroneously excluded evidence offered by contestant, which the latter contended was material and competent.

After the recitation of these rulings of the court and other matters of like character, contestant asserts ''From the foregoing errors of the trial court in excluding evidence it follows that if contestant's evidence was meager, the trial court was responsible for the 'paucity of the evidence' and discretion was therefore abused in granting a new trial.'' No authority is cited in support of this somewhat unusual assertion and we know of none that would support contestant's claim in that respect. Even if the evidence in all these matters had been admitted and was before the court upon the hearing of proponents' motion for a new trial, there is no assurance that such evidence, together with all of the evidence of contestant which was admitted during the trial, would have been sufficient in the opinion of the trial court to overcome the showing made by respondents that the proposed will was not invalid by reason of any of the grounds relied upon by contestant. The contention that the trial court abused its discretion in granting proponents' motion for a new trial cannot be sustained. While an exception to the improper exclusion of evidence may be relied upon by appellant when he seeks to reverse the judgment or set aside the verdict, we are at a loss to understand under what theory it may be held that such an exception can be relied upon where appellant is endeavoring to sustain the judgment or verdict of the jury which has been set aside by the trial court by granting a new trial. The exclusion of competent or relevant evidence might be a good ground for reversing an erroneous judgment, but it should not be considered for the purpose of restoring a judgment after it has been set aside by the trial court on motion for a new trial.

In addition to the appeal of contestant from the order granting a new trial as stated above, proponents have appealed from the order denying their motion for judgment notwith-

standing the verdict of the jury in favor of contestant. Contestant contends that such an order is nonappealable and therefore the attempted appeal therefrom should be dismissed.

■ Although an order granting a new trial in a will contest is not enumerated in section 1240 of the Probate Code, it has become the settled law of this state that such an order is appealable. (*Estate of Armstrong*, 8 Cal.2d 204, 208 [64 P.2d 1093]; *Estate of O'Dea*, 15 Cal.2d 637, 638 [104 P.2d 368].)* ■ Section 629 of the Code of Civil Procedure provides for the making of a motion for judgment notwithstanding the verdict in the alternative form, reserving, if that be denied, the right to apply for a new trial. The section further provides that ''Where a new trial is granted to the party moving for judgment notwithstanding the verdict, the order denying the motion for judgment notwithstanding the verdict shall not be reviewed on appeal, unless the adverse party appeal from the order granting a new trial, in which case the order denying judgment notwithstanding the verdict may be reviewed on appeal.'' We understand from the above quoted portion of said section 629 that an appeal will not lie from an order denying a motion for judgment notwithstanding the verdict, but that when the adverse party appeals from the order granting a new trial, the order denying a motion for judgment notwithstanding the verdict may be reviewed on said appeal. Any contrary views expressed in *Leplat* v. *Raley Wiles Auto Sales*, 62 Cal.App.2d 628 [145 P.2d 350] are disapproved.

■ As we have seen in the present case, contestant has appealed from the order granting proponents' motion for a new trial, and proponents have appealed from the order denying their motion for judgment notwithstanding the verdict. As the latter order is reviewable on contestant's appeal from the order granting proponents' motion for a new trial, the latter's appeal from the order denying their motion for judgment notwithstanding the verdict is not necessary nor is it proper under the provisions of section 629 of the Code of Civil Procedure just quoted. The appeal from the order denying the motion for judgment notwithstanding the verdict

*In *Estate of O'Dea*, it was inadvertently stated that an appeal will lie from an order granting *or denying* a motion for a new trial. An appeal no longer lies, and did not at the date of that decision, from an order denying a motion for a new trial.

should be dismissed. However, proponents have lost no rights by such dismissal as the order denying their motion for judgment notwithstanding the verdict is reviewable under contestant's appeal from the order granting proponents' motion for a new trial as fully and completely as it would have been had the latter been entitled to a direct appeal from the order adverse to them.

■ "The right of the trial court to set aside a verdict and enter a contrary judgment is absolutely the same as its right to grant a nonsuit. [citing authorities.] The court should, therefore, grant such a motion when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff. [Citing authorities.]" (*Card* v. *Boms,* 210 Cal. 200, 202 [291 P. 190]; *Neel* v. *Mannings, Inc.,* 19 Cal.2d 647, 649 [122 P.2d 576]; see, also, *Hunt* v. *United Bank & Trust Co.,* 210 Cal. 108, 117 [291 P. 184].) Reviewing the evidence under the rule well established by these cases, it is our opinion that the court did not err in denying proponents' motion for judgment notwithstanding the verdict. As stated before, the trial judge in a lengthy opinion reviewed the evidence, giving it his most careful consideration, and as we read his conclusion as contained in the opinion rendered by him and above referred to, we must conclude that there was no error in his ruling on said motion. It is true the court held that the evidence was insufficient to support the verdict of the jury and that a new trial should be granted, but even though the court might be justified in granting a new trial, it would not be justified in directing a verdict or in granting a motion for judgment notwithstanding the verdict. (*Hunt* v. *United Bank & Trust Co., supra,* at p. 117; *Estate of Caspar,* 172 Cal. 147, 150 [55 P. 631].)

The appeal from the order of court denying the motion for judgment notwithstanding the verdict is dismissed. The order granting a new trial is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.