[L. A. No. 19599. In Bank. June 27, 1946.]

WINNIE ESTELLE TABOR et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Holcomb & Kempley for Petitioners.

J. H. O'Connor, County Counsel, and S. V. O. Prichard, Assistant County Counsel, Charles A. Sunderlin, Mark F. Jones and Max F. Bernbaum for Respondent.

SPENCE, J.—Petitioners seek a writ of prohibition to restrain respondent court from taking further proceedings in the hereinafter mentioned action following its order granting a new trial.

Petitioners were defendants in an action brought by Emma Viola Taylor, as plaintiff, to set aside her deed conveying to defendants certain real property and to quiet her title thereto. The action was tried by the court without a jury and, at the conclusion of the trial on December 14, 1944, the matter was submitted. On March 8, 1945, the court announced its decision in favor of defendants and ordered defendants' counsel to prepare findings. Eight days thereafter—March 16, 1945—plaintiff served and filed her notice of intention to move for a new trial. On April 5, 1945, the court signed and filed its findings of fact and conclusions of law, as well as the judgment. Judgment was entered on the next day, and notice of entry of judgment was served on plaintiff on April 10, 1945. Meanwhile and on April 6, 1945, the court heard and considered plaintiff's motion for a new trial. Defendants participated in the argument on the motion, which motion was submitted for a ruling on the merits. On April 17, 1945, the court made an order granting a new trial and, at the request of plaintiff, set November 27, 1945, as the date for retrial.

Subsequent to the making of said order placing the cause on the calendar for retrial, defendants duly moved the court to strike the cause from the calendar on the ground that the order granting a new trial was a nullity inasmuch as it was made in response to plaintiff's notice of intention served and filed prior to the court's signing and filing of the findings of fact and conclusions of law. Defendants' motion was denied. Thereupon, defendants filed their petition herein seeking a writ of prohibition, relying upon the prematurity of the filing of the notice of intention to move for a new trial as invalidating all proceedings relating to the motion for a new trial. Under the undisputed facts in this case their position is well taken, and they are entitled to the relief sought.

Section 659 of the Code of Civil Procedure provides: "The party intending to move for a new trial must, either *before the*

*entry of judgment* or within ten (10) days after receiving written notice of the entry of judgment, file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court or both. Said notice shall be deemed to be a motion for a new trial on all the grounds stated in the notice. The time above specified shall not be extended by order or stipulation." (Emphasis added.) The italicized words have been repeatedly held by this court not to authorize the filing of the notice prior to the court's signing and filing of the findings of fact and conclusions of law as the basis for a final judgment. (*Root* v. *Daugherty*, 201 Cal. 12 [255 P. 181]; *Estate of Barker*, 207 Cal. 112 [276 P. 992]; *Middleton* v. *Finney*, 214 Cal. 523 [6 P.2d 638, 78 A.L.R. 1104]; *Reeve* v. *Jahn*, 9 Cal.2d 244 [70 P.2d 610].) A new trial may be granted only after a "trial and decision" (Code Civ. Proc., § 656); and a "decision," when a cause is tried by the court, means the findings of fact and conclusions of law (Code Civ. Proc., § 632) and not an informal recital of "the conclusion to which the court had come on the facts." (*Estate of Barker, supra,* at page 113.) So here, until the filing of the findings of fact and conclusions of law, "there remained something more for the court to do before judgment could be entered" (*Estate of Green,* 25 Cal.2d 535, at pages 540-541 [154 P.2d 692]), and there was no "aggrieved" party, as required by section 657 of the Code of Civil Procedure, entitled to apply for a new trial. (*Root* v. *Daugherty, supra,* at pages 14-15.)

"Proceedings for a new trial taken prematurely are a nullity and ineffectual for any purpose" (*Root* v. *Daugherty, supra,* at page 14), and it is not within the power of the litigants to invest the court with jurisdiction to hear and determine the motion for a new trial by consent, waiver, agreement or acquiescence. (*Peters* v. *Anderson,* 113 Cal.App. 158, 160 [298 P. 76]; *Frye* v. *Pacific Freight Lines,* 27 Cal.App.2d 748, 750 [81 P.2d 1027].) Thus, in the Peters case it was held that the trial court was without power to grant a new trial in the absence of the statutory notice of intention to move for a new trial, although the parties had stipulated that such a motion might be made. Moreover, the specified notice is not only "essential to the court's jurisdiction" (*Watkins* v. *Nutting,* 17 Cal.2d 490, 499 [110 P.2d 384]) and cannot be

waived (*Title Insurance & Trust Co.* v. *California Development Co.*, 171 Cal. 173, 194 [152 P. 542]; *Ransome-Crummey Co.* v. *Superior Court*, 188 Cal. 393, 398 [205 P. 446]), but its timely filing is likewise required. With regard to this point, it was significantly said in *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, at pages 288-289 [109 P.2d 942, 132 A.L.R. 715] : " 'Lack of jurisdiction' . . . may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. Thus, . . . a court may have jurisdiction to grant a new trial after motion based upon proper statutory grounds, but has no jurisdiction to make the order unless the moving party has given his notice of intention within the prescribed statutory time. (See *Peters* v. *Anderson*, 113 Cal.App. 158 [298 P. 76].) "

Under these settled principles, it is plain in this case that the premature notice of intention to move for a new trial was "a nullity and ineffectual for any purpose" and that in the absence of the filing of a timely notice, respondent court was without power to entertain the motion. The parties' oral presentation and argument of the motion, though at a time when "ultimate findings" had "been made as the basis for a final judgment" (*Hughes* v. *DeMund*, 70 Cal.App. 265, 267 [233 P. 93]) and when a written notice might have been seasonably filed had objection been raised (*The Yamato* v. *Bank of S. California*, 170 Cal. 351 [149 P. 826]; *Middleton* v. *Finney*, 214 Cal. 523 [6 P.2d 938, 78 A.L.R. 1104]), did not satisfy the jurisdictional requirement under the controlling statute expressly declaring that "said notice shall be deemed to be [the] motion." (Code Civ. Proc., § 659.) Certainly, an implied waiver of the statutory notice by conduct of the parties is no more effective to confer jurisdiction upon the court than is an express waiver of said notice through stipulation. (*Peters* v. *Anderson, supra,* 113 Cal.App. 158.) Such definite interpretation of the statute governing new trials leaves no doubt as to the earliest possible time at which such proceedings may properly be instituted and precludes confusion on the part of litigants in safeguarding their statutory rights. (*Middleton* v. *Finney, supra,* at p. 528.)

There can be no doubt that the rule which is firmly established by the cited authorities may lead to harsh results in

certain cases. On the other hand, the adoption of any other rule could lead to endless confusion in computing the expiration of the time within which the trial court has power to pass upon a motion for a new trial (Code Civ. Proc., § 660) and in computing the time within which an appeal may be taken in cases where the motion is denied by operation of law (Rules on Appeal, rule 3(a))—and particularly in those cases where findings are not filed for several months after the notice of intention is given and in those cases where a second notice of intention is filed, admittedly within the time provided by law, as was the fact in *The Yamato* v. *Bank of S. California, supra,* 170 Cal. 350, 356. (See, also, *Peters* v. *Anderson, supra,* 113 Cal.App. 158, 161.)

All proceedings for a new trial having been abortive in this case, respondent court lacked jurisdiction to grant the motion, and its order purporting to grant a new trial was "void and of no force or effect . . . as completely as if never entered." (*Peters* v. *Anderson, supra,* at page 160.)

Let the peremptory writ of prohibition issue as prayed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.