[Civ. No. 24909.   Second Dist., Div. One.   May 12, 1961.]

SPENCER CLIFTON FISH, JR., Appellant, v. EDWARD A. HOFFMAN et al., Respondents.

Joseph R. Carter, Jr., for Appellant.

Stephen J. Grogan for Respondents.

WOOD, P. J.—This is an action for damages for personal injuries allegedly resulting from a collision of automobiles in a private parking lot of a food market. In a nonjury trial judgment was for defendants. Plaintiff appeals from the judgment.

Appellant contends that the findings are not supported by the evidence. Although this contention relates to all the findings, it is obvious that appellant did not intend to assert that the findings as to the time and place of the accident, the names of the owners and operators of the automobiles, and the negligence of Mrs. Hoffman were not supported by the evidence. It will be assumed that appellant's contention is that the evidence does not support the finding that he was guilty of contributory negligence.

The court found that on January 28, 1958, the defendants were the owners of a Chevrolet automobile; at the time and place of the accident, defendant Mrs. Hoffman was operating that automobile and was acting as the agent of defendant Mr. Hoffman, who was then in the automobile; on said January 28, about 11 a.m., she was operating the automobile in a private parking lot adjacent to a market in El Segundo, which lot was provided for the convenience of the patrons of the market; on said date plaintiff was the owner and operator of a Ford automobile; at said time and place the automobiles of plaintiff and defendants collided; defendant Mrs. Hoffman was negligent in the manner in which she operated defendants' automobile, and said negligence was a proximate cause of said collision; plaintiff was negligent in the manner in which he operated his automobile, which negligence proximately caused and contributed to the happening of the collision and the damage. The court concluded that the plaintiff was not entitled to recover anything from defendants.

The market is at the southeast corner of Center and Mariposa Streets. Center Street extends north and south, and Mariposa Street extends east and west. The parking lot is south of (at rear of) the market. The lot is rectangular—

extending north and south lengthwise. The parking spaces, which are designated by white lines, are along the sides and in the center of the lot. In the center there are two rows of parking spaces—facing and adjoining each other. The driveway is between the row of parking spaces along the sides and the rows of spaces in the center, that is, there is a driveway around the area where the center spaces are located. The entrance and the exit of the lot are on Center Street. Arrows painted on the surface of the lot indicate the direction automobiles are to be driven, that is, after entering the lot from Center Street (from the west) automobiles are to be driven south, then east, then north, and then west to the exit on Center Street.

Plaintiff's automobile had been parked facing east on the east side of the lot—in the second or third space south of the northeast corner of the lot. Defendants' automobile had been parked facing north on the north side of the lot—in the third space east of the northwest corner of the lot.

Plaintiff testified that he backed his automobile out of the space where it had been parked on the east side of the lot; then he proceeded forward in a northerly direction to the north driveway (extending east and west) where he turned left and proceeded in a westerly direction toward the exit; the driveway on which he was proceeding westerly was about 18 feet wide, and the right side of his automobile was about 6 feet from the rear of parked automobiles which were facing north; he was traveling at the rate of 6 or 8 miles an hour; after he had made the left turn (toward the west) and had gone about 30 feet in a westerly direction, and when his automobile was about 6 feet east of defendants' automobile, he saw defendants' automobile moving backward (from the space where it had been parked), and at that time it had moved backward about a foot beyond the rear of the other automobiles which were parked facing north; he applied the brakes, and his automobile lurched forward and stopped; defendants' automobile struck the right front fender of his automobile.

Defendant Mrs. Hoffman testified that at the time she started to back defendants' automobile out of the space where it had been parked (the third space from the northwest corner—near the exit) she looked to her right, and she kept looking back over her right shoulder because she was backing up; she did not see plaintiff's automobile prior to the collision; her automobile was in backward motion at the time of

the collision; she applied the brake at the time of the impact; the driveway at the rear of her automobile was about 28 feet wide; she was employed by United Airlines and she had worked the night before the accident; her husband, defendant Mr. Hoffman, was in the right front seat of the automobile at the time of the accident; he is a clerk in the property division of the Los Angeles Police Department.

Defendant Mr. Hoffman testified that he was a passenger in the automobile which was driven by Mrs. Hoffman; while she was backing the automobile from the parking space, he looked to the right and rear of the automobile; she backed out at the rate of approximately 2 miles an hour; he did not see plaintiff's automobile before the collision; defendants' automobile was ''a cloth-covered convertible''; the driveway at the rear of their automobile was about 28 feet wide; at the time of the collision their automobile had backed about 6 feet.

When the trial judge was making comments before he announced his decision, he said, among other things, that after appellant made the left turn (to proceed westerly) he should have anticipated that automobiles would be backing out of the northerly parking spaces and he should have looked to see if any automobile was moving therefrom or to see if anyone was in the driver's seat of any of those automobiles; that if he saw one of those automobiles moving, he should have sounded the horn or applied the brakes; a person who drives into such a parking lot must anticipate that automobiles will be backed out of the parking spaces.

Appellant argues that he was not required to anticipate that an automobile would suddenly come into the driveway where he was driving; his duty was to exercise reasonable care in maintaining a lookout for other automobiles; there was no evidence from which it could be inferred that he saw defendants before the collision; even if he had seen them, he had no duty to anticipate that they would negligently back into the driveway; and unless plaintiff was under an absolute duty to see defendants, he was not guilty of contributory negligence. Appellant's argument seems to imply that the finding of contributory negligence was based upon the trial judge's erroneous view of the law with reference to an asserted duty on the part of an automobile driver to anticipate negligence on the part of other drivers. Under the evidence herein there were, of course, questions of fact as to negligence and contributory negligence. The whole context of the comments of the judge indicates that he was stating, in sub-

stance, that factually the parking facilities herein were such that in the exercise of reasonable care, under such factual conditions, a driver should maintain a lookout for backing automobiles. Further comments of the judge were that "I think both of them [the drivers] were at fault," and "I don't think the plaintiff saw the defendants, or that the defendants saw the plaintiff," and "I think maybe the reason the defendants didn't see the plaintiff was the blind spot in the car [convertible car] and the position of the car next to him, but I don't know why in the world the plaintiff didn't see the defendants' car moving in time to have avoided this and particularly when the very physical evidence here shows his front bumper ran into their car, and hit their rear bumper." In any event, the comments of the judge do not constitute the decision of the court. The findings of fact and conclusions of law constituted the decision. (Code. Civ. Proc., § 632; *Tabor* v. *Superior Court*, 28 Cal.2d 505, 507 [170 P.2d 667].) As above shown, the written and signed findings were that defendant Mrs. Hoffman was negligent, and that plaintiff was guilty of contributory negligence. It would serve no useful purpose to summarize the brief testimony above set forth. The evidence was sufficient to support the findings.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.