Filed 2/23/15  Cummins v. Lollar CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARY CUMMINS, | B251854 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS143169) |
| v. | |
| AMANDA LOLLAR, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol Boas Goodson, Judge.  Affirmed.

Mary Cummins, in pro. per., for Plaintiff and Appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker and Dean A. Rocco for Defendant and Respondent.

Plaintiff and appellant Mary Cummins (Cummins), in propria persona, appeals an order denying her petition for injunction prohibiting harassment by defendant and respondent Amanda Lollar (Lollar).

On the record presented, we perceive no error and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Proceedings which are the subject of the notice of appeal.*

On May 24, 2013, Cummins filed an application for a temporary restraining order (TRO) to enjoin harassment by Lollar. On the same day, the trial court issued a TRO, scheduled to expire at the end of the hearing scheduled for June 14, 2013.

On July 1, 2013, the matter came on for hearing. There is no reporter's transcript of the hearing. However, the minute order indicates Cummins was sworn and that she presented testimony and oral argument. Thereafter, the trial court denied Cummins's petition for an injunction prohibiting harassment, granted Lollar's request for attorney fees and ordered Cummins to pay Lollar's counsel the sum of $6,350 within 90 days. (Code Civ. Proc., § 527.6, subd. (r).)

On September 30, 2013, Cummins filed notice of appeal, specifying the July 1, 2013 "judgment after court trial."[1] [2]

2. *Events subsequent to the July 1, 2013 hearing and order.*

On July 16, 2013, Cummins filed a motion for reconsideration.

On August 15, 2013, Cummins filed an amended motion for reconsideration, which included a request for a new trial before a different judge.

---

[1] The July 1, 2013 order is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(6), which provides an appeal lies from "an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction."

[2] It does not appear Cummins either served or was served with a document entitled "Notice of Entry" of the July 1, 2013 order. Therefore, the notice of appeal is timely because it was filed within 180 days of entry of the July 1, 2013 order. (Cal. Rules of Court, rule 8.104(a).)

2

On August 16, 2013, the trial court denied the motion for reconsideration, finding it failed to show "new or different facts, circumstances, or law to substantiate a reversal of this court's order. [Cummins's] disagreement with the law is not sufficient."

On August 28, 2013, Lollar filed a motion to deem Cummins a vexatious litigant, supported by an extensive request for judicial notice of state court records in California and Texas pertaining to Cummins's litigation activity.

On September 5, 2013, Cummins filed an affidavit of prejudice/peremptory challenge to Judge Goodson, who made the July 1, 2013 ruling.

On September 6, 2013, the trial court struck the affidavit of prejudice as untimely.

On September 20, 2013, Cummins filed a statement of disqualification, alleging "extreme prejudice and bias" on the part of Judge Goodson.

On September 27, 2013, the trial court struck the statement of disqualification.[3] It also denied Lollar's motion to declare Cummins a vexatious litigant, finding "there is not enough evidence, at this time, to declare [Cummins] a vexatious litigant."

As set forth above, on September 30, 2013, Cummins filed notice of appeal, specifying the appeal was from the July 1, 2013 order denying her petition for an injunction prohibiting harassment.

## CONTENTIONS

Cummins contends: the trial judge's bias denied her constitutional due process; a new trial is warranted due to irregularities in the proceeding and the trial judge should have been recused; and the trial court's exclusion of evidence constituted an error of law requiring a new trial.

---

[3] On October 4, 2013, Cummins filed a petition for writ of mandate seeking to overturn the September 27, 2013 order striking the statement of disqualification. This court denied the petition on October 30, 2013.

3

## DISCUSSION

1. *Cummins has not shown any error with respect to the July 1, 2013 order denying her petition for injunction prohibiting harassment and awarding attorney fees to Lollar.*

It is rudimentary that an appellant must affirmatively show error by an adequate record. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704.) Cummins has not provided this court with a reporter's transcript of the July 1, 2013 hearing. The narrative in her briefs is supported only by citations to her own various filings below. On the record presented, there is no support for Cummins's contentions that the trial judge was biased, that there were irregularities in the proceeding or that evidence was improperly excluded.

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

In sum, on the record presented, the July 1, 2013 denial of Cummins's petition for an injunction prohibiting harassment, and the award of attorney fees to Lollar, are presumed to be correct and must be affirmed.

4

2. *Rulings subsequent to the July 1, 2013 order.*

a. *Denial of disqualification request.*

Cummins contends the trial court erred in denying her request to disqualify the trial judge.

Although Code of Civil Procedure section 170.3, subdivision (d), provides "[t]he determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate," the statute "does not bar appeal from a final judgment on constitutional grounds of judicial bias." (*Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1339.)

Here, however, Cummins's appellate contention of judicial bias is without support in the record and therefore requires no discussion.

b. *Denial of motion for reconsideration.*

Code of Civil Procedure section 1008, subdivision (g) provides: "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." Accordingly, the August 16, 2013 order denying Cummin's motion for reconsideration of the July 1, 2013 order is appealable.

In denying reconsideration, the trial court ruled "the motion does not comply with Code of Civil Procedure section 1008. [Cummins] did not provide new or different facts, circumstances, or law to substantiate a reversal of this court's order. [Cummins's] disagreement with the law is not sufficient."

On appeal, Cummins does not contend she presented "new or different facts, circumstances, or law," at the time she sought reconsideration. (Code Civ. Proc., § 1008, subd. (a).) Therefore, Cummins cannot show the trial court erred in denying reconsideration.

c. *Denial of "request" for new trial.*

An order denying a motion for new trial is nonappealable but may be reviewed on appeal from the underlying judgment. (*Walker v. Los Angeles County Metropolitan*

5

*Transportation Authority* (2005) 35 Cal.4th 15, 18.) Therefore, the August 16, 2013 order denying a new trial is reviewable on the appeal from the July 1, 2013 order.

The record reflects that Cummins did not file a notice of intention to move for a new trial, in accordance with Code of Civil Procedure section 659, subdivision (a). Rather, she merely included a "request for new trial" in the context of her "amended motion [for] reconsider[ation]" of the July 1, 2013 order. This revised motion, filed August 15, 2013, was merely an amendment to the previously filed motion for reconsideration (motion filed July 16, 2013), a reconsideration motion which was scheduled to be heard on August 16, 2013.

The statutory notice of intention to move for a new trial, required by Code of Civil Procedure section 659, is essential to the court's jurisdiction to grant a new trial. (*Tabor v. Superior Court* (1946) 28 Cal.2d 505, 507-508.) On August 16, 2013, the trial court did not have before it a proper motion for new trial. Therefore, we reject Cummins's contention the trial court erred in denying her request for a new trial.

### DISPOSITION

The July 1, 2013 order is affirmed. Lollar shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



KITCHING, J.



ALDRICH, J.

6