[No. F055084. Fifth Dist. Oct. 28, 2008.]

TRI COUNTIES BANK, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
LINDA L. AMAYA-GUENON et al., Real Parties in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Jeffer, Mangels, Butler & Marmaro, Michael J. Hassen and Richard A. Rogan for Petitioner.

Edmund G. Brown, Jr., Attorney General, Christopher E. Krueger, Assistant Attorney General, Jonathan K. Renner and Peter A. Krause, Deputy Attorneys General, for Respondent.

William M. Krieg & Associates, William M. Krieg and Patrick C. McManaman for Real Parties in Interest.

**OPINION**

**KANE, J.**—In the proceedings below, petitioner Tri Counties Bank sought to disqualify the trial judge, the Honorable Adolfo Corona, on the ground that he conducted an independent investigation of a factual issue material to a class certification motion in the case, thereby creating the appearance of partiality. The trial court struck petitioner's statement of objection as untimely under Code of Civil Procedure section 170.3, subdivision (c),[1] because petitioner delayed over seven months before asserting the alleged ground for disqualification. By the instant petition for writ of mandate, petitioner seeks a reversal of the trial court's determination. We deny the petition for writ of mandate because, as explained in the published portion of this opinion, the trial court properly struck the untimely disqualification claim. Alternatively, petitioner requests that we exercise our discretion under section 170.1, subdivision (c), to reassign the case to a different judge in the interests of justice. That request is also denied.

## FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history are not in dispute. On February 1, 2006, petitioner commenced this action by filing a complaint against real party in interest, Joaquin Vasquez, for recovery of a deficiency allegedly owed after repossession and sale of a motor vehicle.

---

[1] All further statutory references will be to the Code of Civil Procedure unless otherwise specified.

On July 11, 2006, a class action cross-complaint was filed against petitioner by real parties in interest, Joaquin Vasquez and Linda L. Amaya-Guenon (hereafter real parties in interest), alleging that petitioner committed unfair business practices by failing to give statutory notice to borrowers as required under the Rees-Levering Automobile Sales Finance Act (Civ. Code, § 2981 et seq.) prior to seeking a deficiency. The cross-complaint was brought on behalf of real parties in interest and the class of all those from whom petitioner had sought to collect on a deficiency claim during a specified time period.

Real parties in interest filed a motion for class certification that was set for hearing on August 22, 2007. On August 21, 2007, the trial court issued a lengthy tentative ruling to grant the motion. On the issue of whether the class was reasonably ascertainable, the tentative ruling referred to petitioner's "10-K" report[2] as evidence that it possessed substantial data processing capability. The tentative ruling indicated the trial court would judicially notice the 10-K report on its own motion, even though neither party had mentioned the 10-K report in their papers.

On August 22, 2007, in the midst of extensive oral argument regarding the class certification motion, the trial court recognized it would be too difficult to cover all the issues addressed in its tentative ruling at that time, so it invited the parties to provide supplemental briefing on any additional objections they had to the tentative ruling, and indicated the trial court would thereafter inform the parties if it thought further argument was necessary.

On September 5, 2007, petitioner filed a supplemental brief responding to the trial court's tentative ruling. The supplemental brief asserted, among other claims of error, that the trial court improperly relied on "extraneous evidence apparently gleaned through extensive independent investigation in order to 'fill in the facts' where [real parties in interest] failed to present evidence." Petitioner argued the trial court should not have referred to petitioner's 10-K report when none of the parties cited that report. Moreover, it argued the 10-K report did not prove what the trial court said it did. Petitioner's counsel also submitted a lengthy declaration outlining 50 purported factual and legal errors in the tentative ruling. On September 13, 2007, real parties in interest filed their response to petitioner's supplemental brief.

On November 8, 2007, the trial court issued its 24-page order granting class certification. The trial court's order included the following discussion

---

[2] An apparent reference to a type of public financial report filed with the Securities and Exchange Commission.

regarding the issue of "[a]scertainability" of class members: "The required showing on this front is that it is possible to determine who class members are. [¶] . . . [Petitioner] admits it possesses paper records from which the members of the class can be ascertained, but contends it would be difficult, although there is no substantive proof of this. Further, it appears from [petitioner's] 3/2006 10-K that it possesses substantial data processing capabilities. The Court judicially notices [petitioner's] representations in that regard. *Ampex Corp. v. Cargle* (2005) 128 Cal.App.4th 1569, 1573 [27 Cal.Rptr.3d 863]. [¶] [Petitioner] did not avail itself of the opportunity to provide evidence from its data processing department to refute such capabilities as part of its further briefing after the August 22, 2007 hearing. The evidence submitted in connection with this motion confirms that [petitioner] possesses such a system. See Ex. C to the Hassen Declaration filed 8/9/2007 at 6:4-23 and Exhibit A to the Krieg Declaration filed 9/13/2007. [¶] Even if a manual search of paper files were required, [petitioner] is properly charged with making such a search to ascertain class members. . . ."

On November 30, 2007, petitioner sought appellate review of the trial court's order granting class certification by filing a petition for writ of mandate. One of the several grounds raised therein for seeking reversal of the class certification order was that the trial court improperly undertook an independent factual investigation as shown by its unsolicited citation to petitioner's 10-K report. The petition for writ of mandate challenging the class certification order did not argue that Judge Corona was disqualified. On December 6, 2007, we granted petitioner's request for a stay of the trial court proceedings pending our review of the petition. After considering the briefs filed by the parties, we denied the petition on February 7, 2008. On February 19, 2008, petitioner sought review by the Supreme Court of California of the order granting class certification. Review was denied by the Supreme Court on March 26, 2008.

On April 1, 2008, petitioner returned to the trial court and presented a written statement of objection pursuant to section 170.3, subdivision (c), seeking to have Judge Corona disqualified from presiding at trial on the ground that he had conducted an independent investigation of the facts. We shall refer to petitioner's papers filed pursuant to section 170.3, subdivision (c), as its statement of objection.[3] On April 7, 2008, the trial court issued

---

[3] Courts sometimes describe a party's filing under section 170.3, subdivision (c), as a "motion" to disqualify. Although it can be argued that it satisfies the definition of a motion under section 1003, we decline to use that terminology when discussing the unique procedure set out in section 170.3, subdivision (c). The procedure is different from traditional motion practice. No hearing date is required and there is no provision for opposition papers to be filed

its order striking petitioner's statement of objection on the ground it was untimely under section 170.3, subdivision (c).

On April 17, 2008, petitioner filed the instant petition for writ of mandate asserting that the trial court erred in its determination of the disqualification issue. Petitioner contends that its statement of objection was timely under all the circumstances, including its need to seek appellate review of the class certification order. Petitioner also contends that if Judge Corona is not disqualified, petitioner will be deprived of its due process right to an impartial judge. Finally, petitioner argues that even if other relief is not granted, we should exercise our discretion to assign the case to a different judge.[4] We now address these issues.

## DISCUSSION

### I. *Failure to Timely Object Resulted in Forfeiture of Right to Pursue Disqualification of Trial Judge Under Section 170.3, Subdivision (c)*

■ A party may seek a judge's disqualification for cause under the procedure set forth at section 170.3, subdivision (c). However, the party must do so "at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." (§ 170.3, subd. (c).) This strict promptness requirement is not to be taken lightly, as a failure to comply constitutes forfeiture or an implied waiver of the disqualification. (*In re Steven O.* (1991) 229 Cal.App.3d 46, 54–55 [279 Cal.Rptr. 868].) Thus, when a statement of objection is untimely filed, it is appropriate for the trial court to order it stricken. (§ 170.4, subd. (b); *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 972 [5 Cal.Rptr.3d 532].)

■ The purpose of the requirement that alleged grounds for disqualification be asserted at the earliest practicable opportunity is that " ' "[i]t would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not." ' " (*People v. Scott* (1997) 15 Cal.4th 1188, 1207 [65 Cal.Rptr.2d 240, 939 P.2d 354], quoting *Caminetti v. Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 386, 392 [139 P.2d 930].) In other words, "[a] party should not be allowed to gamble on a favorable decision and then raise such an

by the nonobjecting litigants. The statute does not use the term "motion" or any related phrasing, such as a party may "move the court." Instead, the statute provides that a party may file a written verified statement objecting to the hearing or trial before the judge.

[4] After the petition was filed, we issued our order to show cause and directed real parties in interest and respondent to file responsive briefs.

objection in the event he is disappointed in the result." (*Rohr v. Johnson* (1944) 65 Cal.App.2d 208, 212 [150 P.2d 5].) Consequently, if a party is aware of grounds for disqualification of a judge but waits until after a pending motion is decided to present the statement of objection, the statement may be stricken as untimely. (*Alhusainy v. Superior Court* (2006) 143 Cal.App.4th 385, 394 [48 Cal.Rptr.3d 914].)

■ Here, petitioner knew all the facts on which it relies on August 21, 2007, when the trial court issued its tentative ruling on the motion for class certification. However, it was not until *after* petitioner eventually lost that motion and appellate review thereof failed, a delay of over seven months, that petitioner finally presented its motion to disqualify Judge Corona. As succinctly put by another court in reaction to a similar delay, "[t]hat does not comport with the statutory requirement of acting at the earliest practicable opportunity." (*Alhusainy v. Superior Court, supra*, 143 Cal.App.4th at p. 394.) We conclude the trial court did not err in striking the untimely motion.

In so holding, we reject petitioner's contention that it was not practicable to pursue disqualification at an earlier time. Petitioner could have filed its statement of objection at any time in the case after learning in August of 2007 of the trial judge's purported independent factual investigation. Whatever the reason for petitioner's failure to act in a timely fashion, the suggestion that there was a legal necessity for its failure is without merit. No true dilemma existed here between promptly objecting to the trial judge's qualifications and pursuing any other legal remedy in the case.

■ It is true that petitioner sought appellate review of the class certification order by a petition for writ of mandate and, in connection therewith, we issued a *stay* of trial court proceedings pending such review. Petitioner argues the stay excused it from filing the statement of objection until after appellate review was concluded. We disagree. The issuance of the stay does not support petitioner's position for at least two reasons. First, the stay was not issued until December 6, 2007. Petitioner therefore had ample opportunity to pursue disqualification long before the stay was imposed. Second, although unnecessary to our conclusion that the statement of objection was untimely, it is our view that petitioner could have filed a statement of objection even while the stay was in effect. Our general stay of proceedings was obviously directed to the *underlying proceedings between the parties to the action (i.e., to the litigation itself)*, not to questions of the judge's qualification to preside over those proceedings. A judge's qualification to preside as judge in a particular case is foundational to, and hence distinct from, the ordinary

proceedings between the parties that would be tried or heard by the judge. (See § 170.5, subd. (f).) Because of this basic distinction between a judge's qualification and the underlying litigation, we do not believe that our stay could reasonably be understood as barring petitioner from promptly filing a statement of objection in the trial court. We note further that disqualification of the trial judge was not raised in the writ of mandate petition challenging the class certification order, thus the filing of a statement of objection to pursue disqualification would not have interfered with or affected our appellate review of that order.[5] For all of these reasons, it is clear that the statement of objection was untimely filed and properly stricken by the trial court.

For the same reasons, petitioner also forfeited its related claim that the purported ground for disqualification amounted to a violation of its due process right to an unbiased judge. It is true that section 170.3, subdivision (d), does not bar appeal from a final judgment on constitutional grounds of judicial bias. (*People v. Brown* (1993) 6 Cal.4th 322, 335 [24 Cal.Rptr.2d 710, 862 P.2d 710].) Nevertheless, a litigant should seek to resolve such issues by the required statutory means and "his negligent failure to do so may constitute a forfeiture of his constitutional claim." (*Id.* at p. 336.) This is particularly true in civil cases where "a constitutional question must be raised at the earliest opportunity or it will be considered to be waived." (*Roth v. Parker* (1997) 57 Cal.App.4th 542, 548 [67 Cal.Rptr.2d 250]; see *In re Marriage of Christie* (1994) 28 Cal.App.4th 849, 865 [34 Cal.Rptr.2d 135].) Here, as we have observed, petitioner was aware of the asserted ground for disqualification long before the trial court issued its order on the motion for class certification. Petitioner plainly took a "wait and see" approach when it delayed over the course of several months before filing its statement of objection seeking to disqualify Judge Corona. Petitioner only asserted the purported grounds for disqualification when the contested class certification motion and appellate review thereof were finally decided against it. We conclude petitioner's due process claims were forfeited by this dilatory conduct.

II. *Request for Assignment to Another Judge in the Interests of Justice**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[5] This is analogous to the automatic stay issued under section 916, which does not impair the ability of the trial court to proceed on matters not affected by the judgment or order appealed from. That is, the issue of the judge's qualification to preside as judge was collateral to the obvious purpose and scope of our general stay.

*See footnote, *ante*, page 1332.

## DISPOSITION

The petition for writ of mandate is denied. The request for discretionary relief under section 170.1, subdivision (c) is denied. The order to show cause is discharged. Costs on appeal are awarded to real parties in interest and respondent.

Vartabedian, Acting P. J., and Cornell, J., concurred.