Filed 11/26/13  Vasquez v. Superior Court CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| OFELIA VASQUEZ,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>BMW of NORTH AMERICA, LLC,<br><br>    Real Party in Interest. | G048890<br><br>(Super. Ct. No. 30-2012-00583703)<br><br>O P I N I O N |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, William M. Monroe, Judge.  Petition granted.

The Law Office of John Derrick, John Derrick; The Bickel Law Firm and Erika Kavicky for Petitioner.

Rogan Lehrman, Kate S. Lehrman for Real Party in Interest.

\*                             \*                             \*

THE COURT:*

      Petitioner Ofelia Vasquez, the plaintiff below in a lemon law action filed against real party in interest, BMW of North America, seeks a writ of mandate compelling the recusal or disqualification of Judge William M. Monroe from presiding over her case. She filed a statement of disqualification against him contending that a person aware of the facts might reasonably entertain a doubt that he would be able to impartially rule on the matter. (Code Civ. Proc., §§ 170.3, subd. (c)(5) and 170.1, subd. (a)(6)(A)(iii).) [1] We grant petitioner's request for relief, specifically that her objection to Judge Monroe hearing her case be considered by another judge pursuant to section 170.3, subdivision (c)(5). [2]

_____

\*      Before Moore, Acting P.J., Aronson, J., and Thompson, J.

[1]      Statutory references are to the Code of Civil Procedure.

[2]      Petitioner indicates in her petition she is not requesting that this court adjudicate the issue of whether a reasonable person could doubt Judge Monroe's ability to be impartial. Rather, petitioner's request is that this court order her objection to Judge Monroe be reinstated, so that the statement of disqualification can be assessed on its merits by another judge of the superior court pursuant to section 170.3, subdivision (c)(5). Section 170.3, subdivision (c)(5) provides in effect that: "A judge who refuses to recuse himself or herself shall not pass upon his or her own disqualification or upon the sufficiency in law, fact, or otherwise, of the statement of disqualification filed by a party. In that case, the question of disqualification shall be heard and determined by another judge agreed upon by all parties who have appeared or, in the event they are unable to agree within five days of notification of the judge's answer, by a judge selected by the chairperson of the Judicial Council, or if the chairperson is unable to act, the vice chairperson. . . . [¶] (6) The judge deciding the question of disqualification may decide the question on the basis of the statement of disqualification and answer and any written arguments as the judge requests, or the judge may set the matter for hearing as promptly as practicable. If a hearing is ordered, the judge shall permit the parties and the judge alleged to be disqualified to argue the question of disqualification and shall for good cause shown hear evidence on any disputed issue of fact. If the judge deciding the question of disqualification determines that the judge is disqualified, the judge hearing the question shall notify the presiding judge or the person having authority to appoint a replacement of the disqualified judge as provided in subdivision (a)."

2

## I

### *Statement of Facts and Proceedings*

In July 2012, petitioner filed a complaint against BMW of North America. (BMW)  The complaint involved a single cause of action alleging that real party violated California's lemon law, the Song-Beverly Consumer Warrant Act (Civ. Code, § 1790 et seq.).  The essence of petitioner's claim is that the 2006 BMW 750 Li she leased from BMW had defective brakes, and other systemic problems.

The matter was assigned to Judge Monroe.  Shortly thereafter, petitioner's counsel was advised by a plaintiff's attorney who was involved in an unrelated lemon law case that Judge Monroe had made comments at a case management conference suggesting he was hostile to, or cynical about, lemon law litigation.

As an exhibit to her petition for a writ of mandate, petitioner provides a certified copy of the reporter's transcript of Judge Monroe's comments at the unrelated case.  "The Court:  Both sides are asking for a jury.  This is a lemon law case? [¶] . . . [¶] Get 'em settled, Get 'em settled.  I find more of these lemon law cases are more about attorneys' fees than they are about the merits of the case.  [¶] . . . [¶] . . . I cannot urge you strongly enough to get this case settled.  If nobody gets greedy, we all get rich."

After receiving the transcript of Judge Monroe's case, petitioner filed a verified statement of disqualification pursuant to sections 170.3, subdivision (c) and 170.1, subdivision (a)(6)(A)(iii), the latter which provides in effect that a judge shall be disqualified if "a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial. . . ."

The court struck petitioner's challenge on the grounds that it disclosed no legal basis for disqualification.  In its order striking the statement of disqualification, which included an alternative verified answer, the court responded that the challenge disclosed no legal basis because "encouraging settlement is not grounds for disqualification.  It is appropriate for the court to suggest and encourage settlement. . . .

The role of a judge from an inactive referee to a case manager has brought many changes to the face of litigation, including requirements that trial judges aggressively monitor and manage litigation from the filing of the first pleading until final disposition. [Citation.] Nor is it grounds for disqualification that the court commented on the nature of the case. Code of Civil Procedure section 170.2, subdivision (b) specifically states that it is not grounds for disqualification that the judge has in any capacity expressed a view on a legal or factual issue presented in the proceeding, except as provided in section 170.1, subdivisions (a)(2), (b), or (c). [Citation.] It is well settled that the expressions of opinion uttered by a judge, in what the judge perceives to be a discharge of his or her official duties, are not evidence of bias or prejudice under the disqualification statutes. [Citations.]"

The court also found petitioner's challenge to be untimely. "Code of Civil Procedure section 170.3, subdivision (c)(1) requires that the statement requesting disqualification 'be presented at the earliest practicable opportunity.' The declaration of Erika Kavicky in support of the motion states that she first learned of the facts giving rise to this challenge on June 19, 2013. While Ms. Kavicky states that she did not receive the transcripts or declaration of Ms. Turnage [the attorney in the unrelated lemon law case who first apprised Kavicky of the statements made by the court] until July 25, 2013, she does not offer any explanation as to why it took five weeks from the discovery of the facts to obtain this evidence. The challenge is therefore stricken as untimely."

We conclude the court erred on both accounts.


II

*Discussion*

Section 170.3, subdivision (c)(1) sets out the procedures under which a party may seek disqualification of a judge. Where a judge fails to voluntarily disqualify him or herself, a party may object to that hearing or trial before that judge by filing a

4

verified statement, objecting to, and setting forth grounds for the disqualification of the judge. The statement must be filed at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification. Under section 170.3, subdivision (c)(3), the judge may file a consent to disqualification in which case he or she shall notify the presiding judge or the person authorized to appoint a replacement of his or her recusal as provided in subdivision (a), or may, as did the court here, file a written verified answer admitting or denying any or all of the allegations contained in the party's statement and setting forth any additional facts material or relevant to the question of disqualification.

The court may also, notwithstanding section 170.3, subdivision (c)(5), strike the statement of disqualification under section 170.4, subdivision (b), as the court did here, if it finds the statement was untimely filed, or if on its face it discloses no legal grounds for disqualification.

Under the facts of this case, the court's decision to strike petitioner's statement of disqualification instead of allowing another judge to hear and determine the matter was mistaken. First, the statement filed by petitioner's counsel was timely. The hearing in the unrelated lemon law case wherein the court made its comments occurred on June 19, 2013; petitioner's counsel learned about it the same day. On July 24, 2013, petitioner's counsel received the transcript of the June 19, 2013, hearing. On July 25, 2013, counsel received the declaration of counsel in the unrelated hearing. On July 30, 2013, petitioner's counsel filed her objection challenging Judge Monroe.

The statement of disqualification must be filed at the earliest practicable opportunity after discovery of the facts constituting the grounds for disqualification. (§170.3, subd. (c)(1).) In *Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, the court found a delay of seven months before asserting a ground for disqualification was untimely. The court explained, "The purpose of the requirement that alleged grounds for disqualification be asserted at the earliest practicable opportunity is that ""[i]t would seem . . . intolerable to permit a party to play fast and loose with the

5

administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not.  [Citations.]'"'"' (*Id.* at p. 1337.)

Even though the facts indicate there was a gap of about five weeks from when counsel first became aware of Judge Monroe's statements to when she filed the statement of disqualification, this amount of time was not unreasonable.  Petitioner's counsel learned about Judge Monroe's comments the same day they were made.  She ordered the reporter's transcript of the hearing and received it on July 24, 2013.  On July 25, 2013, counsel received the declaration of counsel in the unrelated hearing.  On July 30, 2013, petitioner filed her statement of disqualification.  These dates indicate that that counsel worked diligently to prepare her statement of disqualification.  Nowhere in the record does it appear to us that counsel was attempting to delay or to play fast and loose with the system.

Secondly, the statement of disqualification stated a valid legal ground for disqualification, i.e., that a reasonable member of the public at large, aware of all the facts, would fairly entertain doubts concerning the judge's impartiality. (§170.1, subd. (a)(6)(A)(iii).)

After our initial review of petitioner's petition for a writ of mandate we notified the parties and the respondent court that we were considering granting the petition and issuing a peremptory writ of mandate in the first instance.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232.)  The real party advised this court that it did not object to the relief sought by petitioner, or for allowing petitioner's objection to the trial judge to be considered by another judge pursuant to section 170.3, subdivision (c)(5).

6

## III

### *Disposition*

Accordingly, let a peremptory writ of mandate issue commanding the court to vacate its order striking petitioner's challenge pursuant to Code of Civil Procedure section 170.4, subdivision (b), and to enter a new order requiring the matter to be heard by another judge. Each side shall bear its own costs.