Filed 7/6/21  McAlister v. Harris CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GLADYS MCALISTER, | |
| Plaintiff and Appellant, | E075404 |
| v. | (Super.Ct.No. RIC1804067) |
| ALISON HARRIS et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.  Affirmed.

Gladys McAlister, Plaintiff and Appellant in pro. per.

Rob Bonta and Xavier Becerra, Attorneys General, Danielle F. O'Bannon, Senior Assistant Attorney General, and Richard F. Wolfe and Jon S. Tangonan, Deputy Attorneys General, for Defendants and Respondents.

This action arises out of an investigation of a community care facility owned and operated by Gladys McAlister, which culminated in the suspension of McAlister's license.  McAlister filed this action against the State of California, by and through the

1

Department of Social Services (DSS), and other defendants, alleging that the suspension was improperly based on hearsay, false allegations, racial and/or religious discrimination, and an unlawful and unconstitutional entry into her home. The trial court sustained a demurrer on multiple procedural grounds. It never reached the substance of McAlister's allegations.

McAlister appeals. However, she largely ignores the grounds on which the trial court sustained the demurrer. She argues that her claims had merit, but that is irrelevant. She briefly asserts that the statute of limitations had not run, but she does not explain why not. She also asserts that she presented a government claim, as required, but she does not confront the trial court's reasons for ruling that she did not. Finally, she has not provided us with an adequate record and has not supported her arguments with citations to the record.

We recognize that McAlister is in propria persona. But "'[w]hen a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation].' [Citations.]" (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)

"[O]ur review is limited to contentions adequately raised and supported in [the appellant]'s brief. [Citation.]" (*Arnold v. Dignity Health* (2020) 53 Cal.App.5th 412, 423.) There are none. Hence, we must affirm.

# I

## STATEMENT OF THE CASE

McAlister filed this action in 2018.  The named defendants, in addition to the DSS, included Alison Harris, Will Lightbourne, Pamela Dickfoss, Elizabeth Buser, Leslie Mendiveles, Kimberly Lyon, and Edna Musoke.  The charging allegations were made against "[d]efendants."  Thus, it is not clear what part, if any, the individual defendants allegedly played.  However, McAlister does allege that they were all "government . . . employees."  Counsel for the DSS is representing all of the individual defendants.  Therefore, we will refer to the DSS and the individual defendants collectively as the DSS parties.

The operative (second amended) complaint asserted causes of action for violation of federal civil rights, conspiracy to violate federal civil rights, intentional infliction of emotional distress, forcible entry, unreasonable search, trespass, and injunctive relief.

The DSS parties filed a demurrer.  They argued that:

1.  The DSS was not subject to suit for federal civil right violations because it was not a "person."

2.  The federal causes of action were barred by the statute of limitations.

3.  The state-law causes of action were barred by failure to submit a government claim.

4.  The state-law causes of action were barred by failure to exhaust judicial remedies.

5.  The state-law causes of action were barred by licensing immunity, prosecutorial immunity, and discretionary immunity.

6.  The complaint did not allege any on-going actions that could be enjoined.

The trial court sustained the demurrer, without leave to amend.  It agreed that the DSS was not a "person" subject to suit for federal civil right violations; that the statute of limitations on the federal causes of action had run; and that the state-law causes of action were barred by failure to file a government claim.  It therefore entered a judgment of dismissal.[1]

II

APPELLANT'S OPENING BRIEF IS DEFECTIVE

McAlister's opening brief suffers from a number of fatal defects.

First, an appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  "It is well-established that "'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.  [Citation.]"'  [Citation.]"  (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.)

---

[1]  The County of Riverside (County) was also named as a defendant.  It filed a separate demurrer, which the trial court also sustained without leave to amend. McAlister filed a separate appeal from the judgment in favor of the County.  We affirmed. (*McAlister v. County of Riverside* (Oct. 13, 2020, No. E074114) [nonpub. opn.].)

4

McAlister's "Statement of the Facts" (capitalization altered) asserts a litany of facts, but they are not cited to the record at all. She then cites "CT Pages 248 to 313." Those pages start in the middle of one document, end in the middle of another, and contain nothing relevant in between. The "Argument" (capitalization altered) section of her brief cites the record three times, but the pages cited are unrelated to the facts stated. As a result, McAlister has forfeited all of her arguments.

Second, "'"[i]t is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant."' [Citation.]" (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 940.)

The record does not include the DSS parties' request for judicial notice in connection with the demurrer, which the trial court granted. The DSS parties cited and relied on materials in that request to support their arguments that (1) the federal causes of action were barred by the statute of limitations, (2) the state-law causes of action were barred by failure to submit a government claim, (3) the state-law causes of action were barred by failure to exhaust judicial remedies, (4) the state-law causes of action were barred by licensing immunity and discretionary immunity, and (5) the complaint did not allege any on-going actions that could be enjoined. Without these materials, we cannot evaluate these arguments.

Third, an appellate brief must "support each point by argument and, if possible, by citation of authority . . . ." (Cal. Rules of Court, rule 8.204(a)(1)(B).) "'One cannot

5

simply say the court erred, and leave it up to the appellate court to figure out why. [Citation.]' [Citation.]" (*Jewish Community Centers Development Corp. v. County of Los Angeles* (2016) 243 Cal.App.4th 700, 716.) "'We are not bound to develop appellants' argument[s] for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat [a] contention as waived.' [Citation.]" (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 964.)

The trial court sustained the demurrer for three specific reasons, which the DSS parties had raised in their demurrer. McAlister does not even try to show that these reasons were wrong.

Thus, McAlister never argues that the DSS *was* a "person" subject to suit for federal civil right violations.

Regarding the statute of limitations, McAlister does state: "The statute of limitations applies up to the date that Plaintiff became aware of some injuries or damages and therefore the statute of limitations had not yet expired at the time of filing this Complaint." However, she does not share what that date was; she also provides no cogent legal argument or citation to authority.

Regarding the government claim requirement (Gov. Code, §§ 905, 950), McAlister asserts that she submitted a government claim "to the State of California, Dept. of Social Services." The DSS parties argued below, however, that any government claim had to be submitted to the Department of General Services. (See Gov. Code, § 915, subd. (b).) McAlister offers no counter-argument. The DSS parties also asked the trial court to

6

take judicial notice that no such claim was ever actually submitted to the DSS. Once again, McAlister has not provided us with the request for judicial notice, and once again, she offers no counter-argument. Finally, she asserts that she gave the DSS notice of her claims in other ways, such as by sending a letter to the governor. She never argues, however, that these communications constituted adequate government claims; certainly she does not cite any authority nor provide any analysis on this point.

Instead, McAlister insists that defendants violated her rights; she complains that the trial court ignored "evidence" of the violations.[2] Nevertheless, her claims arising out of any such violations, even if otherwise meritorious, can be barred by the statute of limitations, by failure to submit a government claim, or by the other means that the DSS parties asserted below.

McAlister also asserts briefly that the trial judge "was bias[ed]." Once again, she does not support this assertion with any argument or authority. She forfeited this contention by failing to file a disqualification motion under Code of Civil Procedure section 170.3. (*Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1337-1338; *People v. Bryant* (1987) 190 Cal.App.3d 1569, 1573.) In any event, a claim of judicial bias cannot be raised on appeal; it can be raised in an appellate court only by

---

[2] We take it that by "evidence," McAlister means allegations. At a hearing on a demurrer, a trial court cannot consider evidence; it can consider only the plaintiff's allegations, plus matters subject to judicial notice. (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 8, fn. 3.)

7

writ.  (Code Civ. Proc., §§ 170.1, 170.3, subd. (d); *Clary v. City of Crescent City* (2017) 11 Cal.App.5th 274, 300; *Tri Counties Bank v. Superior Court*, *supra*, at p. 1339.)

We hasten to add that there is not a hint of bias in the record.  "'[A] judge's "rulings against a party — even when erroneous — do not establish a charge of judicial bias, especially when they are subject to review."'  [Citation.]"  (*People v. Silveria and Travis* (2020) 10 Cal.5th 195, 320, fn. omitted.)

In sum, then, McAlister has not properly presented any argument that we can consider as a basis for reversal.

III

DISPOSITION

The judgment is affirmed.  The DSS parties are awarded costs on appeal against McAlister.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RAPHAEL
J.

8