Filed 9/23/24  Memarzadeh v. Cohen CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MAHER MEMARZADEH, | B327967, B329476 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC704662) |
| v. | |
| LOTTIE COHEN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert B. Broadbelt, III, Judge.  Affirmed.

Law Offices of Lee B. Ackerman and Lee B. Ackerman for Plaintiff and Appellant.

Westwood Lawyers and Lottie Cohen for Defendants and Respondents.

_____

Plaintiff Maher Memarzadeh appeals from a judgment of dismissal in favor of defendants and respondents Lottie Cohen and Law Office of Lottie Cohen (collectively, Cohen). The trial court imposed a terminating sanction after Memarzadeh violated a court order requiring him to sit for a deposition and produce documents. On appeal, Memarzadeh argues the terminating sanction is void because the trial judge had been disqualified at the time he imposed the sanction, and, alternatively, the sanction was an abuse of discretion. He also argues the trial court erred in sustaining a demurrer to his second amended complaint.

By statute, disqualification determinations are not appealable—review must be sought by petition for writ of mandate brought within 10 days of notice of the determination. (Code Civ. Proc., § 170.3, subd. (d).) Memarzadeh never filed such a petition. His arguments concerning disqualification therefore are not properly before us.

We further conclude the trial court did not abuse its discretion in imposing a terminating sanction for Memarzadeh's discovery abuses. This conclusion renders his arguments regarding the demurrer moot.

Accordingly, we affirm.

## BACKGROUND

1. ***Complaint, demurrers, and motions to disqualify***

On May 1, 2018, Memarzadeh filed a complaint against Cohen, his former counsel, for legal malpractice, breach of fiduciary duty, fraud under theories of misrepresentation and concealment, breach of contract, and breach of the implied covenant of good faith and fair dealing. Following a series of demurrers, rulings, and amended complaints, the only causes of

2

action remaining were breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing, and the trial court, Judge Robert B. Broadbelt, III presiding, emphasized those causes of action remained viable only insofar as they alleged that Cohen overbilled Memarzadeh. The court sustained Cohen's demurrer to the legal malpractice and fraud causes of action without leave to amend. The court denied Memarzadeh's subsequent motion for reconsideration.

On August 1, 2022, Memarzadeh, then in pro per, electronically filed a declaration purportedly in support of a "concurrently filed motion to disqualify" Judge Broadbelt (capitalization omitted), although Memarzadeh did not file a concurrent motion. As we shall address in more detail in our Discussion, *post*, Memarzadeh contends he hired a process server who on that same day attempted to personally serve a copy of the declaration on Judge Broadbelt, but instead placed the copy in a dropbox outside of the courtroom, purportedly in accordance with the rules of that particular judicial department. The declaration asserted Judge Broadbelt demonstrated bias through his rulings on discovery and Cohen's demurrers.

On August 19, 2022, Judge Broadbelt issued an order striking Memarzadeh's declaration, which Judge Broadbelt construed as a statement of disqualification for cause under Code of Civil Procedure section 170.3. Judge Broadbelt stated that Memarzadeh had failed to personally serve him or his clerk with the statement of disqualification as statutorily required, so Judge Broadbelt did not learn of the declaration until August 17, 2022. Judge Broadbelt found the allegations of bias concerned rulings in 2019 and 2021 and therefore were untimely. Judge Broadbelt further concluded Memarzadeh's disagreement with the court's

3

rulings or expression of views on issues in the proceeding were not a proper basis for disqualification.

Judge Broadbelt ended his order by advising the parties that rulings on disqualification were not appealable and could be reviewed only by writ of mandate sought within 10 days of service of notice of the ruling. Memarzadeh did not seek writ review of the ruling.

Memarzadeh then filed motions to disqualify Judge Broadbelt on September 2, September 7, and September 12, 2022. Judge Broadbelt issued orders striking each motion, reminding Memarzadeh in each order that review of the court's decisions on disqualification could be reviewed solely by a petition for writ of mandate. Memarzadeh did not seek writ review of these rulings.

## 2.    *Motion to compel deposition*

On September 26, 2022, Cohen filed an ex parte application to compel Memarzadeh's deposition. Cohen's counsel filed a supporting declaration attesting that counsel had noticed Memarzadeh's deposition with document production for April 21, 2022, but Memarzadeh did not appear nor produce any of the requested documents purportedly because he had an undisclosed medical condition. Counsel renoticed the deposition for August 29, 2022. Two days before that scheduled deposition, Memarzadeh asked to delay the deposition, and after further discussion, the parties agreed to conduct the deposition on September 20, 2022 at a location selected by Memarzadeh. On September 14, 2022, Memarzadeh asked Cohen's counsel to take the deposition off calendar pending Memarzadeh's efforts to disqualify Judge Broadbelt. Cohen's counsel declined and stated counsel would move to compel if Memarzadeh did not appear.

4

Memarzadeh did not appear, at which point Cohen applied ex parte to compel his attendance.

Memarzadeh opposed the application to compel his deposition. He contended his pending attempts to disqualify Judge Broadbelt justified delaying his deposition. Memarzadeh further contended he suffered from an illness, specifically ear pain, that impeded him from traveling for his deposition. In support, he attached, inter alia, a document signed by a health care provider dated September 22, 2022 stating he should not fly for two weeks or until cleared by a doctor. He also attached a document from a medical center's emergency room, also dated September 22, 2022, indicating he had been seen for ear pain and an "episode of passing out this week," but Memarzadeh had declined "further work-up."

The trial court denied Cohen's ex parte application to compel, instead treating it as an application to shorten time to hear a motion to compel. It heard that motion at a hearing on October 26, 2022, at which the court also considered a motion from Memarzadeh to continue the trial date. Memarzadeh appeared at the hearing telephonically and pro per.

At the hearing, the court stated its tentative ruling was to continue the trial date given Memarzadeh's illness, and also to grant the motion to compel and require Memarzadeh to attend his deposition, which he could elect to do either by videoconference or in person. At this point the court realized Memarzadeh had disconnected from the hearing and there was no indication he was trying to reconnect. The court proceeded with the hearing.

Cohen's counsel objected to continuing trial, noting there had already been three trial continuances, and stated Cohen was

5

ready to begin trial that day.  The court asked if Cohen still wished to depose Memarzadeh.  Cohen's counsel said, "No.  We'll waive it if you start trial right now."  The court reminded Cohen's counsel of Cohen's pending motion to compel.  Counsel responded, "Yeah.  That motion was filed three weeks ago, ex parte, hoping the depo would happen before today.  Since we're here today, we're ready to try the case.  I'll just cross-examine him on the stand."  Counsel stated Cohen's insurance policy "is almost exhausted," and "the more we push this out, the less likely she's going to have the funds to pay me to try this case."

The trial court stated, "I'm sensitive to all those issues and appreciate those concerns, and what I'm doing is balancing the interest on both sides based on the evidence presented."  The court adopted its tentative ruling and set a trial date for February 8, 2023, in light of evidence from Memarzadeh's physician that he could not travel for 12 weeks.  The court further stated, "I think [Cohen] has the right to take [Memarzadeh's] deposition."  The court issued a written order directing Memarzadeh to attend his deposition on December 9, 2022, to be conducted on a videoconference platform of Cohen's choosing or, if Memarzadeh so elected, in person at Cohen's counsel's office.

### 3.    *Second motion to compel and impose sanctions*

On December 6, 2022, Memarzadeh filed a declaration and verified statement, ostensibly in support of his September 7, 2022 motion to disqualify Judge Broadbelt.  In the first seven pages of the declaration, Memarzadeh raised numerous objections to Judge Broadbelt's striking of his disqualification motion.

On page 8, paragraph 42 of the declaration, Memarzadeh changed topics, stating in boldface type, "If I have to bring

another Ex Parte Application to correct the date of [my] deposition even though the court has now been made aware again of my medical condition as reflected in the physician's letter, my medical condition will certainly be impacted because of the distress of the duplicative process." Memarzadeh declared he could not attend his deposition in person because his ear disorder prevented him from flying, nor could he attend remotely because he was scheduled for a medical imaging test that day. Memarzadeh further declared he could not agree to the privacy policies of the videoconference program selected by Cohen, which he contended allowed the videoconference provider to obtain and disseminate his private information.

Memarzadeh did not appear for his deposition on December 9, 2022. On December 12, 2022, Cohen filed an ex parte application to compel Memarzadeh's compliance with the trial court's October 26, 2022 order that he attend his deposition, and seeking monetary sanctions or, in the alternative, terminating or issue sanctions.

Memarzadeh opposed the ex parte application. Memarzadeh noted he had informed both the trial court and Cohen's counsel via his December 6, 2022 declaration that he could not attend his deposition because of his medical imaging test scheduled that same day, yet Cohen's counsel feigned ignorance of this in bringing the application to compel. Memarzadeh included with his opposition a medical imaging center form indicating an MRI scheduled for December 9, 2022, and a copy of his December 6, 2022 declaration.

Memarzadeh also attached an e-mail chain between himself and Cohen's counsel. In that chain, Memarzadeh informed Cohen's counsel on December 7, 2022 of his upcoming

7

medical examination on December 9, 2022. Cohen's counsel responded that unless Memarzadeh obtained a court order excusing him from his deposition, Cohen would move for sanctions. Memarzadeh then demanded Cohen's counsel cease threatening him, and asked that Cohen cooperate with having a new judge assigned to the case. In a later e-mail, Memarzadeh stated he did not have the "required technology" for a remote deposition "away from my usual place of residence." (Capitalization omitted.)

On December 13, 2022, the trial court construed Cohen's ex parte application as a motion to compel and seek sanctions. The court set a hearing on the motion for January 17, 2023, and allowed additional briefing from the parties.

The court also struck Memarzadeh's December 6, 2022 declaration, finding it repetitive of prior statements seeking disqualification. The court in its written order again notified the parties that review of the court's decisions on disqualification could be reviewed solely by a petition for writ of mandate. Memarzadeh did not seek writ review of the ruling.

Memarzadeh filed additional opposition to Cohen's motion to compel his deposition and impose sanctions, and in the same filing requested a continuance of trial, his deposition, and all related hearings. Memarzadeh again argued he needed additional time because of his illness, and objected to Cohen's plan to videotape his deposition. He attached several doctor's notes advising him not to fly, the most recent dated December 21, 2022 and stating he should not fly for the next three to four months while he underwent diagnosis and treatment.

8

## 4.   *Trial court's ruling*

The trial court, Judge Broadbelt presiding, took the matter under submission and issued a written order on January 17, 2023.[1]  The court found "that [Memarzadeh] has engaged in conduct that is a misuse of the discovery process by willfully disobeying the court's October 26, 2022 order and failing to respond or submit to an authorized method of discovery," i.e., the deposition the court had ordered him to attend.

The court rejected Memarzadeh's contention that his illness prevented him from attending his deposition.  The court noted that, although Memarzadeh had provided a physician's letter indicating he could not fly, he had not provided any "competent evidence from a licensed physician establishing that a medical condition prevented him from appearing remotely for deposition on the date ordered by the court."  The court further noted Memarzadeh's illness had not prevented him from filing his additional statement of disqualification with supporting exhibits on December 6, 2022, or his opposition to Cohen's ex parte application on December 12, 2022.

As for Memarzadeh's evidence that he had an MRI scheduled for the same day as the deposition, the court observed Memarzadeh had not presented evidence establishing that he underwent the MRI on that date, that it took place at the same time as the deposition, that the MRI appointment was scheduled before the court had issued its October 26, 2022 order, and that the MRI could not have been rescheduled.

---

[1] It does not appear from the record the trial court held a hearing.

9

The court rejected Memarzadeh's contention that technological issues prevented him from attending the deposition remotely, finding Memarzadeh had not sufficiently described the technological limitations at issue or presented any evidence those limitations prevented his appearance.

The court found Memarzadeh's violations of its orders willful, noting Memarzadeh had refused to appear for deposition "numerous times before the court issued the October 26, 2022 order," had never moved for a protective order or requested the court change the date of his deposition, and Memarzadeh "did not provide—and still has not provided—[Cohen] with alternative dates for his deposition, instead stating only that he 'may' be available at an unspecified time."

The court found Memarzadeh's failure to comply with the court's orders unduly prejudiced Cohen by preventing Cohen from preparing a defense against Memarzadeh's claims. The court further found a terminating sanction was appropriate because "a less severe sanction would not produce compliance with the discovery rules or provide [Cohen] with an adequate remedy." The court reiterated that Memarzadeh had repeatedly refused to attend noticed depositions, did not appear for his court-ordered deposition on December 9, 2022, had never sought relief from the court to change his deposition date, and had not offered any alternative dates. "Because of [Memarzadeh's] history of abuse of the discovery process, the court finds that ordering [Memarzadeh] to appear for deposition again, or imposing other, less severe sanctions, is unlikely to result in [Memarzadeh's] appearance and production of documents at the deposition."

The court therefore ordered a terminating sanction under Code of Civil Procedure section 2023.030, subdivision (d) and dismissed the action.

On February 6, 2023, Cohen filed and served by e-mail and regular mail a memorandum of costs seeking $9,467.95. On February 27, 2023, Memarzadeh filed opposition to the memorandum, arguing inter alia that Cohen improperly sought reimbursement for jury fees, and that many of the costs related to circumstances Memarzadeh could not control due to his illness.

On April 5, 2023, the trial court amended its order of dismissal to award the costs requested by Cohen.

Memarzadeh filed notices of appeal from the original order of dismissal and the amended order adding the costs award.

## DISCUSSION

### A. The Challenge to the Striking of the Statement of Disqualification Is Not Properly Before Us

Memarzadeh argues Judge Broadbelt did not timely respond to his August 1, 2022 statement of disqualification and thus was disqualified as a matter of law. Accordingly, Judge Broadbelt's order imposing a terminating sanction is void. As we explain, this challenge is not properly before us.

#### 1. Applicable law

Under Code of Civil Procedure[2] section 170.3, subdivision (c)(1), a party seeking to disqualify a judge "may file with the clerk a written verified statement objecting to the

_____

[2] Further unspecified statutory citations are to the Code of Civil Procedure.

11

hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge." The statement "shall be personally served on the judge alleged to be disqualified, or on his or her clerk, provided that the judge is present in the courthouse or in chambers." (§ 170.3, subd. (c)(1).) Within 10 days of filing or service, whichever is later, the judge may consent to the disqualification or file a written verified answer. (*Id.*, subd. (c)(3).) If the judge does not consent or answer within the 10 days, the judge "shall be deemed to have consented to his or her disqualification." (*Id.*, subd. (c)(4).)

Section 170.4, subdivision (b) provides judges with a third option as to how to respond: "[I]f a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken." Although section 170.4 does not so state, case law holds that a judge exercising this authority to strike must do so within the 10-day limit imposed by section 170.3, subdivision (c)(3) and (4). (*PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 972.)

As the trial court stated repeatedly in its written orders striking Memarzadeh's disqualification motions, "[t]he determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal." (§ 170.3, subd. (d).) "The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." (*Ibid.*) Section 170.3, subdivision (d) also applies to orders striking statements of disqualification under section 170.4, subdivision (b). (See *Dumas v. Los Angeles County Bd. of*

12

*Supervisors* (2020) 45 Cal.App.5th 348, 354.)  Section 170.3, subdivision (d) provides "the exclusive means for seeking review of a ruling on a challenge to a judge."  (*People v. Panah* (2005) 35 Cal.4th 395, 444.)

### 2.    Analysis

Memarzadeh purports to challenge on appeal an order striking his statement of disqualification.  Under section 170.3, subdivision (d), Memarzadeh could only seek review of the trial court's ruling through a petition for writ of mandate filed within 10 days of service of written notice of the ruling.  As noted, the trial court specifically informed Memarzadeh in its written order striking his statement of disqualification that he had to seek review by writ, but Memarzadeh did not seek writ review of the ruling, and the time for doing so is past.  Memarzadeh's appeal of the disqualification ruling therefore is not properly before us.

Memarzadeh acknowledges the requirements of section 170.3, subdivision (d), but argues they are inapplicable when a judge fails timely to respond to a statement of disqualification.  Memarzadeh contends his statement was filed and served August 1, 2022, yet Judge Broadbelt did not strike the statement until August 19, 2022, outside the 10-day window mandated by section 170.3, subdivision (c)(3).  Accordingly, Judge Broadbelt had already been disqualified by operation of law under section 170.3, subdivision (c)(4) by the time Judge Broadbelt purported to strike Memarzadeh's statement of disqualification.

We reject Memarzadeh's arguments on both legal and factual grounds.  Memarzadeh cites *In re Marriage of M.A. & M.A.* (2015) 234 Cal.App.4th 894 (*M.A.*) for his contention that he may raise the issue of disqualification in this appeal as opposed

13

to through the writ procedures under section 170.3, subdivision (d).

In *M.A.*, a case concerning child support, the father filed a statement of disqualification against the commissioner overseeing the case, and the commissioner struck the statement. (*Supra*, 234 Cal.App.4th at pp. 899–900.) Several months later, the father filed a second statement of disqualification. (*Id.* at p. 901.) The court, with the same commissioner presiding, "indicated it would not 'entertain any other motion on disqualification' at that time," but "nonetheless assured father it was not biased against him and responded to some of the allegations [of bias] in the statement [of disqualification]." (*Ibid.*) The court then issued orders pertaining to child support and other matters. (*Id.* at pp. 901–902.)

On appeal, the Court of Appeal reversed the orders issued after the father had filed his second statement of disqualification, holding that the commissioner, by "impermissibly ignor[ing]" the statement, implicitly consented to it under section 170.3, subdivision (c)(4). (*M.A.*, *supra*, 234 Cal.App.4th at p. 904.) The court acknowledged that "[g]enerally, a party may only obtain review of the determination of the disqualification of a commissioner by filing a petition for writ of mandate." (*Id.* at p. 903, fn. 5.) The court nonetheless concluded the appeal was proper "because father is not challenging the propriety of the court's failure to act on his statement of disqualification. Rather, he is challenging the import of the court's failure to act on the validity of the court's subsequent orders." (*Ibid.*)

*M.A.* is distinguishable in that in the instant case, Judge Broadbelt did not ignore the statement of disqualification, but addressed it in a detailed written order that included

14

instructions on how to seek review to the extent Memarzadeh disagreed with it.  Unlike the commissioner in *M.A.*, Judge Broadbelt therefore made a "determination of the question of . . . disqualification" subject to the writ requirements of section 170.3, subdivision (d).  To the extent Memarzadeh believed Judge Broadbelt's response was untimely, he should have challenged it within 10 days by a petition for writ of mandate.

We also question the reasoning of *M.A.*  The purpose of the writ review requirement of section 170.3, subdivision (d) is to resolve disqualification issues quickly and avoid the possibility of an appellate court later reversing orders or a judgment upon concluding a judge should, in fact, have been disqualified.  (See *People v. Brown* (1993) 6 Cal.4th 322, 336 (*Brown*) [noting "the Legislature's clear intent that disqualification challenges be subject to prompt review by writ"].)  This purpose is thwarted if a party on whose statement of disqualification a trial court has failed to act may simply sit on its rights, see how the court ultimately rules on subsequent matters, and then invoke the disqualification on appeal to void the court's orders.  To the extent the holding of *M.A.* can be interpreted to allow such an end run of section 170.3, subdivision (d), we decline to follow it.

Assuming arguendo we may consider in this appeal the timeliness of Judge Broadbelt's response to the statement of disqualification, Memarzadeh nonetheless fails as a factual matter to establish Judge Broadbelt or his clerk personally were served with the statement of disqualification as required under section 170.3, subdivision (c)(1), a prerequisite to triggering the 10-day period under section 170.3, subdivision (c)(3).  In striking the statement of disqualification, Judge Broadbelt stated neither he nor his clerk were personally served, and he did not learn of

15

the statement until August 17, 2022. Memarzadeh concedes in his opening brief on appeal there was no personal service— according to his brief's statement of facts,[3] his process server left the statement of disqualification in a dropbox outside the courtroom. Memarzadeh contends this was consistent with the rules of Judge Broadbelt's department, but the list of department rules he provides in support of this contention say nothing about a dropbox, much less that the court would deem documents left in the dropbox personally served on the judge or his clerk.[4] In the absence of evidence of personal service, Memarzadeh cannot establish Judge Broadbelt's August 19, 2022 response to the statement of disqualification was untimely such that Judge Broadbelt was disqualified as a matter of law.

In his reply brief, Memarzadeh cites *Brown* for the proposition that section 170.3, subdivision (d) "does not apply to, and hence does not bar, review (on appeal from a final judgment) of *nonstatutory* claims that a final judgment is constitutionally invalid because of judicial bias." (*Brown, supra*, 6 Cal.4th at p. 335.) To the extent Memarzadeh is attempting to assert a constitutional, nonstatutory basis for disqualification, that

---

[3] Statements in appellate briefs may be construed as admissions against the party. (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1186, fn. 4.)

[4] Based on Memarzadeh's brief, it appears the department rule to which he refers requires service copies of filed documents to be placed in a box for courtesy copies. This rule does not appear in the list of rules of which Memarzadeh requested we take judicial notice. Regardless, Memarzadeh cites no authority that departmental rules regarding service copies may substitute for section 170.3's requirement of personal service of a statement of disqualification on the judge or clerk.

16

argument is forfeited for failure to raise it in his opening brief. (*Hurley v. Department of Parks & Recreation* (2018) 20 Cal.App.5th 634, 648, fn. 10.)

The argument also is without merit. Memarzadeh clearly relied on a statutory basis for disqualification, because he had stated repeatedly that Judge Broadbelt was disqualified as a matter of law under section 170.3, subdivision (c)(4).

Even if arguendo Memarzadeh properly asserted a nonstatutory, constitutional basis for disqualification, *Brown* stated, "In order to give maximum effect to the Legislature's clear intent that disqualification challenges be subject to prompt review by writ [citation], we conclude that a litigant may, and should, seek to resolve such issues by statutory means, and that his negligent failure to do so may constitute a forfeiture of his constitutional claim." (*Brown*, *supra*, 6 Cal.4th at p. 336; accord, *Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1339 [in civil cases, a constitutional question such as judicial bias " 'must be raised at the earliest opportunity or it will be considered to be waived' "].)

In *Brown*, the appellant had sought a writ under section 170.3, subdivision (d) after the trial court denied his disqualification motion, and the Court of Appeal summarily denied relief. (*Supra*, 6 Cal.4th at p. 330.) Under those circumstances, the high court concluded the appellant could assert on appeal "a constitutional due process claim that the judge who presided over his hearing was not impartial." (*Id.* at p. 336.)

In the instant case, Memarzadeh has never sought writ review of any of the disqualification rulings, despite the trial court repeatedly informing him of the necessity of doing so, and

17

indeed never asserted his due process claim until he filed his reply brief on appeal.  Under *Brown*, his "negligent failure" to follow the statutory procedures for review "constitute[s] a forfeiture of his constitutional claim." (*Supra*, 6 Cal.4th at p. 336.)

Because the issue of disqualification is not properly before us, we do not address Memarzadeh's arguments as to the merits of the trial court's order striking his statement of disqualification.

## B.     The Trial Court Did Not Abuse its Discretion In Granting a Terminating Sanction

Section 2023.030 empowers a court, after notice and hearing, to impose sanctions for "engaging in conduct that is a misuse of the discovery process."  These include monetary sanctions, issue sanctions, evidence sanctions, and terminating sanctions.  (§ 2023.030, subds. (a)–(d).)  A terminating sanction may strike pleadings or parts of pleadings, stay further proceedings until a discovery order is obeyed, dismiss the action or part of the action, or render a judgment by default against the offending party.  (*Id.*, subd. (d).)  "We review a trial court's decision to impose terminating sanctions for abuse of discretion, drawing all reasonable inferences in support of the court's ruling." (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 749.)

Memarzadeh raises three arguments as to why the terminating sanction was an abuse of discretion.  First, he argues Cohen suffered no prejudice by the inability to depose Memarzadeh prior to trial, as evidenced by Cohen's counsel's statement at the October 26, 2022 hearing that he was ready to proceed with trial and would cross-examine Memarzadeh on the stand.  Memarzadeh contends Cohen never "demonstrate[d] how

18

taking the deposition or how the requested documents, even assuming they existed, were necessary to defend against Memarzadeh's claims."

Memarzadeh did not raise this argument below or seek a protective order to the extent he believed it was unnecessary for him to be deposed or to provide documents. He therefore has forfeited the argument for purposes of appeal. (*GoTek Energy, Inc. v. SoCal IP Law Group, LLP* (2016) 3 Cal.App.5th 1240, 1248 [issue forfeited if not raised in trial court]). The argument also is without merit. Cohen's counsel's later statements at the October 26 hearing make clear he was willing to forgo deposing Memarzadeh out of concern that further delays might lead to Cohen exceeding the limits of her insurance policy. In other words, Cohen's counsel did not state Memarzadeh's deposition was unnecessary or undesirable, but rather Memarzadeh's delays had put Cohen in a position of possibly running out of insurance funds if they did not proceed to trial. To reverse the terminating sanction on this basis would be to reward Memarzadeh for his misconduct.

Memarzadeh's second argument is that the trial court abused its discretion by not imposing a lesser sanction. Again, Memarzadeh did not raise this argument below and it is forfeited.

Memarzadeh's second argument also fails on the merits. Memarzadeh asserts, "[T]he [court] could have imposed the lesser sanction of prohibiting Memarzadeh from testifying at trial or from using any document not produced prior to trial. Since the court already confined Memarzadeh's claim to one about billing, he likely would have had to rely on expert witness testimony to establish his claim. Not taking Memarzadeh's deposition

19

would not have deprived Cohen from conducting expert witness discovery in order to present a defense."

The trial court had no opportunity to consider this option given Memarzadeh did not propose it below, further supporting our forfeiture holding. Regardless, Memarzadeh does not explain how, if he were unable to testify or offer documents into evidence, he could effectively prove his case against Cohen. He suggests somehow he could rely solely on expert testimony to prove his case, but experts presumably would need to base their opinions at least in part on evidence offered and authenticated by Memarzadeh. The sanction he proposes therefore would be as devastating to his case as a terminating sanction.

Finally, in his reply brief Memarzadeh argues he never refused to sit for a deposition, only for a videotaped deposition, and Cohen "made no effort to demonstrate that [Cohen] had a right to videotape [Memarzadeh's] deposition in light of [Memarzadeh] refusing to agree to do so based upon his own physicians' directions." Although Memarzadeh fails to provide any record citation supporting this contention, we assume he is referring to a declaration dated May 9, 2023 attached to Memarzadeh's motion to stay execution of judgment pending appeal. The declaration, purportedly from a physician, states that Memarzadeh's "medical condition causes him additional unusual and extreme stress well beyond what is reasonable during video recordings (i.e. Zoom Meetings)." The declaration further recites, "If a video deposition of . . . Memarzadeh is taken his symptoms would re-occur," and "he should not fly, drive, sit for an oral deposition, or expose himself to situations and circumstances induced by appearances before a camera."

20

This evidence was untimely, filed months after the trial court had imposed the terminating sanction and ordered the case dismissed.  It is disingenuous for Memarzadeh to contend he did not refuse to sit for deposition, only a videotaped deposition.  As summarized by the trial court, the evidence in the record indicates Memarzadeh repeatedly refused to sit for any type of deposition, and continually came up with varied excuses for doing so.  At no point prior to the terminating sanction did he present evidence that he was medically unable to participate in a deposition by videoconference or recorded on video.

## C. Memarzadeh's Remaining Challenges Are Moot or Forfeited

Memarzadeh argues the trial court erred in sustaining the demurrer against his second amended complaint.  Because Memarzadeh's discovery abuses have led to dismissal of the action, this argument is moot.

Although Memarzadeh filed a notice of appeal after the trial court amended the dismissal order to award Cohen costs, Memarzadeh raises no arguments concerning the costs award in his appellate briefing.  Any challenge to the costs award therefore is forfeited.  (*Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1136 [issue not raised in appellate briefing forfeited].)

21

## DISPOSITION

The judgment of dismissal is affirmed.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

WEINGART, J.

KLINE, J.*

---

*  Retired Associate Justice of the Court of Appeal, First Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.